UNITED STATES BANKRUPTCY COURT
Northern District of California

In re: Lisa Marie Templer  )  Bankruptcy No.: 24-41361
)  R.S. No.:
)  Hearing Date:
)  Time:
Debtor(s)  )
_____  )

**Relief From Stay Cover Sheet**

Instructions: Complete caption and Section A for all motions. Complete Section B for mobile homes, motor vehicles, and personal property. Complete Section C for real property. Utilize Section C as necessary. If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.

(A) Date Petition Filed: 9/04/2024     Chapter: 13
    Prior hearings on this obligation: 0     Last Day to File §523/§727 Complaints: 12/16/2024

(B) Description of personal property collateral (e.g. 1983 Ford Taurus):

    Secured Creditor [ ] or lessor [ ]
    Fair market value: $_____     Source of value: _____
    Contract Balance: $_____     Pre-Petition Default: $_____
    Monthly Payment: $_____     No. of months: _____
    Insurance Advance: $_____     Post-Petition Default: $_____
                                    No. of months: _____

(C) Description of real property collateral (e.g. Single family residence, Oakland, CA): Commercial real property: 2505 Devpar Court, Antioch, CA 94509, APN 068-300-004-6

    Fair market value: $ 1,148,800.00   Source of value: Dkt. 17, p.3   If appraisal, date: _____

    Moving Party's position (first trust deed, second, abstract, etc.): First Deed of Trust against 2505 Devpar Court, Antioch, CA 94509

    Approx. Bal. $ 633,112.88             Pre-Petition Default: $_____
    As of (date): 11/30/2024              No. of months: _____
    Mo. payment: $ 4,346.25               Post-Petition Default: $_____
    Notice of Default (date): 08/01/2024  No. of months: _____
    Notice of Trustee's Sale: 09/04/2024  Advances Senior Liens: $ 0

    Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.): 2nd Trust Deed - $515,706.58
    Judgment - $1,940

| Position | Amount | Mo. Payment | Defaults |
|---|---|---|---|
| 1st Trust Deed: U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1 | $ 600,000 | $4,346.25 | $ |
| 2nd Trust Deed: Stephanie Masso | $ 350,000 | $ 3,791.67 | $ |
| Judgment (1st Priority): KBR Inc. : | $1,940 | | |
| _____ : | | | |
| _____ : | | | |
| (Total) | $ | $ | $ |

Other pertinent information:

Dated: December 3, 2024

*Carl C. Jones*
Signature

Carl C. Jones
Print or Type Name

Attorney for U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1

John P. Ward (SBN 274895)
jward@attleseyward.com
Carl C. Jones (SBN 340719)
cjones@attleseyward.com
ATTLESEY | WARD
111 Pacifica, Ste. 140
Irvine, California 92618
Tel. 714-508-4949
Fax. 714-508-0015

*Attorneys for U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1*

# U.S. BANKRUPTCY COURT OF THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE TEMPLER,<br><br>   Debtor, | Case No.: 24-41361<br><br>Chapter 13<br><br>**MOTION TO TERMINATE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1), (d)(2), AND (d)(4)(A) (REAL PROPERTY: 2505 DEVPAR COURT, ANTIOCH, CA 94509, APN 068-300-004-6) AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)**<br><br>Date: December 20, 2024<br>Time: 11:00AM<br>Ctrm: 215<br>Location: 1300 Clay Street, Suite 300, Oakland, CA 94612 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. 3

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 5

    I.     JURISDICTION ................................................................................................................ 5

    II.    STATEMENT OF RELEVANT FACTS ........................................................................ 5

        DEBTOR DEFAULTS ON NOTE AND JUNIOR LIENHOLDER SCHEDULES FORECLOSURE SALE OF PROPERTY ........................................................................... 5

        DEBTOR FILES BANKRUPTCY PETITION AND PROPOSED PLAN WITH ONLY SPECULATIVE INFORMATION ...................................................................................... 6

        TRUSTEE FILES THREE MOTIONS TO DISMISS FOR DEBTOR'S FAILURE TO FULFILL ITS DUTIES ................................................................................................................... 7

        THE PROPERTY IS SUBJECT TO NUMEROUS LIENS, RESULTING IN DEBTOR HAVING NO EQUITY IN SAID PROPERTY ......................................................................................... 7

    III.   LEGAL ARGUMENT ....................................................................................................... 8

        A.    Debtor's Automatic Stay Should be Terminated under Section 362(d). ................ 8

            1.    Debtor has Failed to Adequately Protect the Property; Debtor has No Equity in the Property ............................................................................................................... 8

            2.    The Timing of Debtor's Petition, Coupled with Debtor's Actions Post-Petition, Evince Her Bad Faith ............................................................................................ 9

            3.    Debtor's Limited Ownership Interest in the Property Falls Far Short of the Total Amount of All Liens Attached to the Property, Rendering Debtor's Plan Infeasible. .......... 10

            4.    Debtor Transferred Property without Creditors' Consent as Part of a Scheme to Thwart Foreclosure ............................................................................................................ 11

            5.    Cause Exists to Waive the 14-Day Stay Under FRBP 4001(a)(3) ................... 12

    IV.   CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

Cases

*In re Alakozai*, 499 B.R. 698 (B.A.P. 9th Cir. 2013) .................................................................. 11

*In re Avila*, 311 B.R. 81, 83 (Bankr. N.D. Cal. 2004) ................................................................. 8

*In re Chinichian*, 784 F.2d 1440, 1445 (9th Cir. 1986) .............................................................. 9

*In re Drocco*, 2010 WL 703113, *3 (Bankr. N.D. Cal. Feb. 25, 2010) ................................. 9, 10

*In re Dunn*, 2010 WL 6451888, *9 (B.A.P. 9th Cir. Feb. 4, 2010) ............................................. 8

*In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870 (B.A.P. 9th Cir. 2012) ...................... 11

*In re Lira*, 2015 WL 4641600, *6 (B.A.P. 9th Cir. Aug. 4, 2015.) ........................................... 11

*In re Owner Management Service, LLC Trustee Corps.*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ...... 4

*In re Rothman*, 2023 WL 7179180, *4 (Bankr. D.N.J. Oct. 31, 2023) ..................................... 11

*Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984) ........................................................... 10

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988) ......... 10

*United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ....................................................... 4

Statutes

11 U.S.C. § 362 ..................................................................................................................... passim

11 U.S.C. § 1325 .............................................................................................................................. 5

28 U.S.C. § 1334 .............................................................................................................................. 5

28 U.S.C. § 1409 .............................................................................................................................. 5

28 U.S.C. § 1408 .............................................................................................................................. 5

28 U.S.C. § 157 ................................................................................................................................ 5

Rules

Federal Rules of Bankruptcy Procedure 4001 ................................................................. 4, 12, 13

Norther District of California Bankruptcy Local Rules 1001-3 .................................................. 5

Treatises

3 Collier on Bankruptcy, ¶ 361.03[5] (Alan N. Resnick & Hemy J. Sommer eds., 16th ed. 2010) ........... 8

Secured creditor U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1 ("Lender" or "U.S. Bank"), secured creditor in the above-captioned bankruptcy proceeding, by and through its counsel, ATTLESEY | WARD, LLP, hereby files this Motion to Terminate Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), (d)(2), and (d)(4)(A) and Waiver of the 14-Day Stay Under Rule 4001(a)(3) of the FRBP (this "Motion") to: (i) terminate the automatic stay as to the real property known as 2505 Devpar Court, Antioch, CA 94509-2876, APN 068-300-004-6 (the "Property"); and (ii) permit Lender to exercise its contractual and statutory rights, including foreclosure and post-eviction actions.[1] Lisa Marie Templer ("Debtor") should appear personally or by counsel.

This Motion is based upon the following grounds: (1) cause exists to terminate the automatic stay because Debtor has failed to make her post-petition payments; (2) cause exists to terminate the automatic stay because the strategic timing of Debtor's bankruptcy petition combined with her actions post-petition constitute bad faith; (3) Debtor has no equity in the Property and Debtor has insufficient income to make the proposed monthly plan payments and service her post-petition debts; and (4) Debtor transferred her ownership in the Property without Lender's consent, filed her petition half an hour before the scheduled Trustee sale, and has since stalled her bankruptcy case by failing to timely satisfy her statutory duties.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, Lender respectfully requests this Court take judicial notice of the filings and all materials appearing on the docket in the above-captioned matter and the records of the Contra Costa Recorder's Office, which are each a matter of public record. (*See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *In re Owner Management Service, LLC Trustee Corps.*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").)

This Motion is supported by the Declaration of Sandie Lawrence, Special Servicing Department Manager and REO Asset Manager with Velocity ("Lawrence Decl."), filed concurrently herewith, the papers and pleadings on file herein, the memorandum of points and authorities set forth below, and any oral argument the Court may entertain at the hearing on the Motion.

---

[1] All references to "ECF No." are to the docket entries in Case No. BK-24-41361. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise stated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the Northern District of California.

MOTION TO TERMINATE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1), (d)(2), AND (d)(4)(A)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157(b)(2) and 1334, 11 U.S.C. section 1325, and LR 1001-3. Venue is proper in the District of Northern California pursuant to 28 U.S.C. sections 1408 and 1409. Lender consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for the judgment consistent with Article III of the United States Constitution.

## II. STATEMENT OF RELEVANT FACTS

1. Lender is the holder of interest on that certain Promissory Note Secured by Deed of Trust dated June 13, 2022 (the "Note"), in the amount of $600,000, entered into between Lawrence Edward Templer, Jr. and Lisa M. Templer (together, "Borrowers") and Velocity Commercial Capital, LLC ("Velocity"). Borrowers executed the note to secure Velocity's interest as creditor in the principal loaned by Velocity to Debtor via that certain Loan Agreement dated June 13, 2022 (the "Loan Agreement"). (*See* Lawrence Decl., ¶¶ 3–4.)

2. The Note requires monthly payments in the amount of $4,346.25, due on the first day of each calendar month, commencing on August 1, 2022. (*Id.* at ¶ 4.)

3. The Note is secured by that certain Deed of Trust (the "Deed of Trust"), recorded by Lender on June 15, 2022, regarding the Property, legally described as Lot 4, as shown on the Map of Tract 2755, in the City of Antioch, County of Contra Costa, State of California, Map Book 76, Page 40, Contra Costa County Records, APN 068-300-004-6. (*Id.* at ¶ 5.)

4. By way of an Assignment of Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing dated November 29, 2022, Velocity assigned the Deed of Trust to U.S. Bank (the "Assignment"). On December 1, 2022, the Assignment was recorded in the Official Records of Contra Costa County, California as Document No. 2022-0179527. (*Id.* at ¶ 8.)

5. Pursuant to allonges, U.S. Bank is now the current holder of the Note. (*Id.* at ¶ 9.)

**DEBTOR DEFAULTS ON NOTE AND JUNIOR LIENHOLDER SCHEDULES FORECLOSURE SALE OF PROPERTY.**

6. Borrowers defaulted on their obligations under the Loan Documents.

(Lawrence Decl., ¶ 10.)

7. As a result of Debtors' default, the Second Deed of Trust Holder, Stephanie Masso, caused to be issued a Notice of Default and Election to Sell Under Deed of Trust on April 9, 2024. (*See* ECF No. 30, Declaration of Dana A. Fazio ("Fazio Decl."), Ex. 4.)

8. On June 27, 2024, without Lender's consent, Debtor recorded a Grant Deed to a Revocable Trust granting her 50% ownership in the Property to Lisa Templer, Trustee(s), or her successors in interest under TEMPLER FAMILY TRUST, U/A, dated June 13, 2024. (ECF No. 30, Fazio Decl., Ex. 5.)

9. On August 1, 2024, Lender, as First Deed of Trust Holder, recorded its own Notice of Default and Election to Sell Under Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing, in the amount of $620,970.12 as of July 31, 2024. (Lawrence Decl., ¶ 10.)

10. On August 6, 2024, Second Deed of Trust holder caused to be recorded a Notice of Trustee's Sale, scheduling a Trustee's Sale on the Property for September 4, 2024, at 1:30 p.m., in connection with the unpaid balance on Debtor's separate note held by Ms. Masso. (*See* ECF No. 30, Fazio Decl., Ex. 7.)

**DEBTOR FILES BANKRUPTCY PETITION AND PROPOSED PLAN WITH ONLY SPECULATIVE INFORMATION.**

11. On September 4, 2024 (the "Petition Date"), at 12:58 p.m., a mere half-hour prior to the scheduled Trustee's Sale, Debtor filed her Voluntary Petition, initiating the above-captioned bankruptcy proceeding and Staying the Trustee's Sale. (*See* ECF No. 1.)

12. Under Section 10 of Debtor's proposed plan, Debtor proposes to satisfy Lender's claim, including pre-petition arrears, by selling or refinancing the Property. (*See* ECF No. 18.)

13. Debtor has not filed a Motion to Employ a Broker. (*See, e.g.*, ECF Docket.)

14. Debtor's proposed plan does not provide details about the proposed sale or refinancing, only that it will occur by March 31, 2025, and it does not provide a contingency plan in case the sale or refinancing does not occur. (*See* ECF No. 18.)

15. Debtor stated her gross income was $43,366 in 2022, $46,086 in 2023, and that her income would increase to $144,000 for 2024. (*See* ECF No. 17.)

16. Debtor stated her yearly expenses are $140,100, yet the stated expenses include no

expenses associated with ownership of real property. (*Ibid.*)

**TRUSTEE FILES THREE MOTIONS TO DISMISS FOR DEBTOR'S FAILURE TO FULFILL ITS DUTIES.**

17. On October 7, 2024, Trustee Bronitsky ("<u>Trustee</u>") moved to dismiss Debtor's case for failure to make plan payments (ECF No. 20), which was later withdrawn (ECF No. 21).

18. On October 02, 2024, Trustee moved to dismiss Debtor's case for failure to provide paystubs (ECF No. 22), which was later withdrawn (ECF No. 26).

19. On October 21, 2024, Trustee moved to dismiss Debtor's case for failure to appear at the 341 Meeting of Creditors (ECF No. 24), which motion is presently pending before this Court.

**THE PROPERTY IS SUBJECT TO NUMEROUS LIENS, RESULTING IN DEBTOR HAVING NO EQUITY IN SAID PROPERTY.**

20. On December 13, 2018, KBR Inc. dba Rash Curtis & Associates recorded an abstract of judgment in the amount of $1,940 with the Contra Costa Recorder's Office, which abstract of judgment was recorded as Instrument No. 2018-0200113-00. (*See* ECF No. 30, Fazio Decl., ¶ 23.)

21. On March 7, 2023, Second Deed of Trust Holder recorded against the Property a Deed of Trust dated March 1, 2023. (ECF No. 30, Fazio Decl., Ex. 2.)

22. According to Debtor's Schedules, the Property is valued at $1,148,800 and Debtor only owns a fifty percent interest in the Property, resulting in Debtor owning, at most, $574,400 worth of the Property's value. (*See* ECF No. 17, Schedule A, p. 3, Item 1.1.)

23. Although Debtor's Schedules list the current value of the entire Property at $1,148,800 and acknowledge that Lawrence Templer, Jr. owns fifty percent of the Property, Debtor nonetheless maintains in her Schedule A, which she signed under penalty of perjury, that the "[c]urrent value of the portion [she] own[s]" is the full value of the Property in the amount of $1,148,800. (*See ibid.*)

24. As of the Petition Date, there were, and are, three encumbrances against the Property totaling $1,119,289.03, prioritized according to the following table:

///

///

///

| KBR Inc. dba Rash Curtis & Associates | $1,940.00 | 1st Lien |
| Velocity Commercial Capital, LLC | $620,000.00 | 2nd Lien |
| Stephanie Masso | $497,349.03 | 3rd Lien |

(*See* ECF No. 30, Fazio Decl., ¶ 27.)

25. Based on Debtor's Schedules, Debtor has no equity in the Property. (*See* ECF No. 17, Schedule A, p. 3, Item 1.1.)

### III. LEGAL ARGUMENT

**A. Debtor's Automatic Stay Should be Terminated under Section 362(d).**

Section 362(d) allows creditors to obtain relief from an automatic stay in certain situations. The party requesting relief from an automatic stay need only bear "the burden of proof on the issue of the debtor's equity in property." (11 U.S.C. § 362, subd. (g)(1).) The debtor, however, must bear "the burden of proof on *all other issues*," including "establish[ing] that there is no cause to terminate the stay." (*Id.* at subd. (g)(2) [emphasis added]; *also In re Dunn*, 2010 WL 6451888, *9 (B.A.P. 9th Cir. Feb. 4, 2010).)

***1. Debtor has Failed to Adequately Protect the Property; Debtor has No Equity in the Property.***

Section 362(d)(1) allows creditors to obtain relief from any automatic stay if "cause" exists, including where a creditor lacks adequate protection of their interest. The rationale for this "adequate protection" approach is to preserve the "status quo" of a secured creditor's collateral, and to prevent a diminution in the collateral's value caused by a debtor's use of the property. (*See* 3 Collier on Bankruptcy, ¶ 361.03[5] (Alan N. Resnick & Hemy J. Sommer eds., 16th ed. 2010).)

Inadequate protection of a creditor's interest under Section 362(d)(1) includes, but is not limited to, the debtor's failure to make post-petition payments, especially where the debtor has minimal equity in the secured property. (*In re Dunn*, *supra*, 2010 WL 6451888, at *9 (affirming order terminating automatic stay for debtor's failure to make post-petition payments of a mere $11,571); *In re Avila*, 311 B.R. 81, 83 (Bankr. N.D. Cal. 2004) ("Typically, cause would be found where the failure to make monthly payments correspondents with the absence of an equity cushion.").) To that end, courts consider whether creditors will be economically harmed by a stay's continuance. (*In re Avila*, *supra*, 311 B.R. at 84.)

Debtor's lack of equity forecloses a traditional method of mitigating creditors' risk through resort to Debtor's equity in the Property—Debtor has no equity whatsoever. Unlike the *Avila* debtor, whose

40% equity cushion warranted consideration in determining whether to continue the stay, Debtor has no equity in the Property whatsoever. (*See id.* at 83.) According to Debtor's Schedules, the Property is valued at $1,148,800, and Debtor owns only a fifty percent interest in the Property, meaning that Debtor owns—at most—$574,400 worth of the Property's total value. However, as of the Petition Date, the Property is encumbered by three liens recorded against it, totaling $1,119,289.03. (ECF No. 17.)

Given Debtor's failure to adequately protect the Property and her lack of any equity in the Property, Lender will suffer significant economic harm if the automatic stay is permitted to continue.

### 2. **_The Timing of Debtor's Petition, Coupled with Debtor's Actions Post-Petition, Evince Her Bad Faith._**

Cause sufficient to warrant termination of the automatic stay under Section 362(d)(1) includes the debtor's bad faith conduct, such as filing a bankruptcy petition to halt state court proceedings in order to maintain possession of the property at issue, especially when the attendant plan is infeasible. (*See In re Drocco*, 2010 WL 703113, *3 (Bankr. N.D. Cal. Feb. 25, 2010) (terminating stay where debtor filed bankruptcy petition to stay ejectment action involving secured property and where proposed plan providing monthly payments of $150 with a balloon payment of $180,000 was infeasible); *also In re Chinichian*, 784 F.2d 1440, 1445 (9th Cir. 1986).)

Here, Debtor's bad faith is made manifest by (1) the timing of Debtor's bankruptcy petition; and (2) Debtor's actions post-petition. Debtor filed her bankruptcy petition approximately half an hour before the scheduled Trustee Sale. (*See* ECF No. 30, Fazio Decl., ¶ 20.) Moreover, since filing her petition, Debtor has stalled the underlying bankruptcy proceedings by failing to satisfy her statutory duties in a timely manner. (*See, e.g., ibid.; also* ECF No. 1.) As a result of Debtor's unreasonable delay in fulfilling her duties under the Bankruptcy Code, Trustee Bronitsky filed three motions to dismiss Debtor's case, one of which is still pending before this Court. (ECF Nos. 20, 22, 24.)

Beyond Debtor's dilatory tactics to prevent foreclosure and stall her bankruptcy proceeding, Debtor has also advanced an infeasible plan in light of her admitted insufficient income to make her proposed monthly plan payments of $325 to service her post-petition debts. (ECF No. 18.) Debtor's income in prior years indicates she earned $43,366 in 2022 and $46,086 in 2023 (ECF No. 17.) Debtor estimated her 2024 income would increase to $144,000, and yet Debtor provided no basis for this claim.

(*See ibid.*) This notwithstanding Debtor's Schedules, which show Debtor's yearly expenses exceed $140,000—none of which include expenses associated with the Property. (*See ibid.*)

Debtor's yearly expenses as reported in her Schedules fail to include expenses associated with ownership of any real property (such as the Property), whether monthly mortgage payments, real property taxes, real property insurance, or the expenses required to service Debtor's post-petition debts. (ECF No. 17.) Under the Note, Debtor's monthly loan servicing payments to Lender total $4,346.25. (*See* Note, Exhibit 2 to Lawrence Decl.)

Like the rejected plan proposed by the *Drocco* debtor, Debtor's proposed plan is infeasible—it only provides for six monthly payments of $325, with an outsized balloon payment at the end of the plan period, proposed to be funded by the speculative results of a refinancing or sale at such time. (*See In re Drocco*, *supra*, 2010 WL 703113, at *3; ECF. No. 18.) The Plan fails to provide any details concerning how such speculative refinancing or sale is to occur. For instance, the Plan fails to state whether the Property is listed for sale, who the broker or financing lender is, or whether a broker or financing lender has been retained at all. The Plan is wholly inadequate in that it fails to provide any details to suggest its proposed sale or refinancing—the occurrence of which is essential to the Plan—will ever come to fruition. Moreover, the Plan fails to provide a contingency in the event such speculative sale or refinancing falls through. Like the *Drocco* debtor, Debtor here relies on a speculative and infeasible balloon payment in a vain attempt to save the Plan because she otherwise has insufficient income to carry out any plan. (*See ibid.*)

### 3. **_Debtor's Limited Ownership Interest in the Property Falls Far Short of the Total Amount of All Liens Attached to the Property, Rendering Debtor's Plan Infeasible._**

Section 362(d)(2) authorizes creditors to obtain relief from an automatic stay if: (i) the debtor does not have equity in the property at issue; and (ii) such property is not required for an effective reorganization. Equity here means the difference between the property's value and all encumbrances upon it. (*Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984).) For property to qualify as "necessary" to an effective reorganization, the debtor must prove that the property is essential to a plan with "a reasonable possibility of success within a reasonable time." (*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988).)

Here, Debtor has no equity in the Property because her ownership interest in the property is limited, and the value of the Property does not exceed all encumbrances against it. As discussed *ante*, the Property is valued at $1,148,800 and debtor only owns a fifty percent interest in it, resulting in Debtor owning—at most—$574,400 worth of the Property's value. However, as of the Petition Date, the Property is encumbered by three liens against it totaling $1,119,289. As such, Debtor has no equity in the Property.

Debtor's plan does not evince any possibility of success; Debtor has insufficient income, whether to make her proposed monthly plan payments or service her post-petition debts, much less both. As previously mentioned, Debtor estimated her income would increase this year to $144,000, but she failed to provide any historical income or rationale to support her estimate, even while her yearly expenses exceed $140,000—exclusive of any real property-related expenses or service of post-petition debts.

### 4. *Debtor Transferred Property without Creditors' Consent as Part of a Scheme to Thwart Foreclosure.*

Section 362(d)(4) authorizes creditors to obtain "in rem" relief from an automatic stay. In 2005, Congress amended Section 362(d) to add this special relief to, among other things, "address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property." (*In re Alakozai*, 499 B.R. 698 (B.A.P. 9th Cir. 2013); *In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870 (B.A.P. 9th Cir. 2012).)

To this end, Section 362(d)(4)(A) authorizes this Court to terminate the automatic stay if: (i) the bankruptcy petition was filed as part of a scheme to delay, hinder, or defraud creditors; and (ii) Debtor transferred ownership of the Property without court approval or secured creditors' consent. (11 U.S.C., § 362, subd. (d)(4)(A).) As such schemes are rarely advertised, courts must generally rely on circumstantial evidence to determine whether a scheme exists. (*In re Lira*, 2015 WL 4641600, *6 (B.A.P. 9th Cir. Aug. 4, 2015).) A bankruptcy petition that stays a foreclosure proceeding without the bankruptcy case moving forward can constitute just such a scheme to delay or hinder creditors. (*See In re Rothman*, 2023 WL 7179180, *4 (Bankr. D.N.J. Oct. 31, 2023).)

Here, on June 27, 2024, nearly three months after Second Deed of Trust Holder first sent Debtor the Masso Notice of Default on April 9, 2024, Debtor transferred her entire ownership interest in the Property to a revocable trust—without the consent of any of her secured creditors. (*See, e.g.*, ECF No. 30,

MOTION TO TERMINATE AUTOMATIC
STAY PURSUANT TO 11 U.S.C.
§ 362(d)(1), (d)(2), AND (d)(4)(A)

Case: 24-41361    Doc# 34    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 12 of 15

Fazio Decl., Ex. 5.) This transfer was done in violation of the Deed of Trust's requirement that any interest in the Property cannot be transferred, assigned, or otherwise disposed of without Lender's prior written consent. (*See* Deed of Trust § 2.3, Ex. 3 to Lawrence Decl.) Moreover, Debtor's transfer of the Property to the revocable trust was done without consideration, further evincing Debtor's intent to defraud her secured creditors of their interest in the Property. (*See, e.g.*, ECF No. 30, Fazio Decl., Ex. 5.)

Having transferred her ownership interest in the Property without notice to Lender—much less Lender's consent—Debtor filed her bankruptcy petition a mere half hour before the scheduled Trustee's Sale. (*See* ECF No. 30, Fazio Decl., ¶ 20.) In doing so, Debtor thwarted Lender's legitimate foreclosure efforts. Since then, Debtor has continued her dilatory tactics to stall the underlying bankruptcy proceeding by failing to timely satisfy her statutory obligations. As previously mentioned, Trustee Bronitsky has brought three motions to dismiss Debtor's case, one of which is still pending before this Court. (ECF Nos. 20, 22, 24.)

### 5. *Cause Exists to Waive the 14-Day Stay Under FRBP 4001(a)(3).*

Should the Court conclude that stay relief is appropriate, Lender respectfully requests that the Court waive the 14-day stay of order pursuant to FRBP 4001(a)(3) in order to allow Lender to pursue its contractual and state law rights and remedies with respect to the Property without further order of the Court. Any delay to the effectiveness of the stay order would be detrimental to Lender.

Debtor does not live at the Property, nor has Debtor made a single payment to Lender since August 1, 2024. Under these circumstances, Lender should not suffer further delay.

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure governs the stay of orders and provides: "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

Here, Lender is requesting an order from the Court waiving the 14-day stay requirement set forth in Rule 4001(a) in order to allow Lender to proceed with the foreclosure sale. There is no reason for any further delay, which delay would only further prejudice Lender. Under the circumstances at bar, there exists no reason to enforce Rule 4001(a)'s 14-day stay provision. Waiver of the 14-day stay of the requested order terminating the automatic stay is warranted in this case.

## IV. CONCLUSION

As set forth above: (1) sufficient cause exists to terminate the automatic stay because Debtor failed to make her post-petition payments and failed to submit the necessary proof of insurance for the Property to Lender; (2) sufficient cause exists to terminate the automatic stay because the strategic timing of Debtor's bankruptcy petition, combined with her actions post-petition, constitute bad faith; (3) Debtor has no equity in the Property and has insufficient income to make the proposed monthly plan payments and service her post-petition debts; and (4) Debtor transferred her ownership in the Property without Lender's consent, filed her petition a mere half an hour before the scheduled Trustee Sale, and has since stalled her bankruptcy case by failing to satisfy her statutory duties in a timely manner.

As a result, Lender respectfully asks the Court to terminate the automatic stay and waive the 14-day stay under FRBP 4001(a)(3) in order to allow Lender to pursue its contractual and statutory rights and remedies.

Dated: December 3, 2024                             ATTLESEY | WARD

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ John Ward
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　John P. Ward
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Carl C. Jones
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Secured Creditor*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Velocity Commercial Capital, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

_____

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____ _____ _____
*Date*                    *Printed Name*              *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.