John P. Ward (SBN 274895)
jward@attleseyward.com
Carl C. Jones (SBN 340719)
cjones@attleseyward.com
ATTLESEY | WARD
111 Pacifica, Ste. 140
Irvine, California 92618
Tel. 714-508-4949
Fax. 714-508-0015
*Attorneys for Secured Creditor*
*Velocity Commercial Capital, LLC*

## U.S. BANKRUPTCY COURT OF THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE TEMPLER, | ) Case No.: 24-41361 |
| | ) |
| Debtor, | ) Chapter 13 |
| | ) |
| | ) **DECLARATION OF SANDIE LAWRENCE** |
| | ) **SUPPORTING MOTION TO TERMINATE** |
| | ) **AUTOMATIC STAY PURSUANT TO** |
| | ) **11 U.S.C. § 362(d)(1), (d)(2), AND (d)(4)(A)** |
| | ) **(REAL PROPERTY: 2505 DEVPAR COURT,** |
| | ) **ANTIOCH, CA 94509, APN 068-300-004-6)** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

I, SANDIE LAWRENCE, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration, except where stated on information and belief, and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1 ("Lender" or "U.S. Bank")'s interest in the real property that is the subject of this motion—as further described in paragraph 5 below (the "Property")—because I am employed

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 1 of 48

by Velocity Commercial Capital, LLC ("Velocity") as a Special Servicing Department Manager and REO Asset Manager. As further described herein, Velocity is the originator of the subject mortgage loan and the authorized sub-servicer for U.S. Bank, the current beneficiary of the subject mortgage loan.

2. I am one of the custodians of the books, records, and files of Velocity and U.S. Bank that pertain to loans and extensions of credit given to debtor Lisa Marie Templer ("Debtor") concerning the Property. I have personally worked on the books, records, and files in this matter, and as to the following facts, I know them to be true of my own knowledge, or I have gained knowledge of them from the business records of Velocity and U.S. Bank on behalf of Velocity and U.S. Bank. These books, records, and files were made at or about the time of the events recorded and are maintained in the ordinary course of Velocity's and U.S. Bank's business at or near the time of the actions, conditions, or events to which they relate. Any such document was prepared in the ordinary course of business of Velocity's and U.S. Bank by a person who had actual knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. On or about June 13, 2022, Debtor and Velocity entered into that certain Loan Agreement, pursuant to which Velocity agreed to loan Debtor principal in the amount of Six Hundred Thousand Dollars ($600,000) (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 1**.

4. On or about that same day, June 13, 2022, Debtor, as maker, executed that certain Term Note (the "Note"), whereby Debtor agreed to pay, under the terms and conditions set forth in the Note, Velocity the principal amount loaned by Velocity to Debtor under the Loan Agreement, plus interest. The Note calls for Debtor to make payments on the first day of each month in the amount of $4,346.25, commencing on August 1, 2022. A true and correct copy of the Note is attached hereto as **Exhibit 2**.

5. To secure payment of the obligations under the Note, on or about June 13, 2022, Debtor and her tenant in common, Lawrence Edward Templer Jr. (together, "Borrowers"), executed that certain Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing (the "Deed of Trust"), pursuant to which the Borrowers granted to Velocity a security interest in that certain real property located at 2505 Devpar Court, Antioch, CA 94509-2876 (the "Property"). The Property is

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 2 of 48
24-41361

legally described or otherwise identified in the Deed of Trust, and includes all accompanying personal property, including but not limited to all equipment/fixtures, along with all rents, issues, interests, profits, and proceeds generated by the Property. On June 15, 2022, Velocity recorded the Deed of Trust in the Official Records of Contra Costa County, California as Document No. 2022-0099472. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 3**.

6. The Loan Agreement, Note, and Deed of Trust are hereinafter collectively referred to as the "Loan Documents."

7. Pursuant to the terms of the Loan Documents, Velocity advanced $600,000 in funds to the Debtor.

8. By way of an Assignment of Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing dated November 29, 2022, Velocity assigned the Deed of Trust to U.S. Bank (the "Assignment"). On December 1, 2022, the Assignment was recorded in the Official Records of Contra Costa County, California as Document No. 2022-0179527. A true and correct copy of the Assignment is attached hereto as **Exhibit 4**.

9. Subsequently, U.S. Bank acquired all right, title, and interest to the remaining Loan Documents via assignment from Velocity; thus, U.S. Bank became the legal holder of such documents and had all rights to pursue legal remedies thereunder. True and correct copies of an Allonge to the Note and an Assignment of the Loan Documents are attached hereto as **Exhibit 5**.

10. The Borrowers defaulted on their obligations under the Loan Documents. On August 1, 2024, U.S. Bank caused to be recorded its own Notice of Default and Election to Sell Under Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing in the amount of $620,970.12 as of July 31, 2024 (the "U.S. Bank Notice of Default"). A true and correct copy of the U.S. Bank Notice of Default is attached hereto as **Exhibit 6**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of November, 2024, at Westlake Village, California.

Sandie Lawrence  Digitally signed by Sandie Lawrence
Date: 2024.11.27 11:10:51 -08'00'
_____
Sandie Lawrence

MOTION TO TERMINATE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1), (d)(2), AND (d)(4)(A)

# EXHIBIT 1



# LOAN AGREEMENT

Loan No. 6723096822

This LOAN AGREEMENT (this *"Agreement"*) is entered into as of **June 13, 2022**, between **Lisa M. Templer, an individual**, with an address of 5279 Mohican Way, Antioch, California 94531 (the *"Borrower"*) and Velocity Commercial Capital, LLC, a California Limited Liability Company, with an address of 30699 Russell Ranch Road, Suite 295, Westlake Village, CA 91362 (*"Lender"*).

FOR VALUE RECEIVED, and in consideration of the granting by Lender of financial accommodations to or for the benefit of the Borrower, including without limitation respecting the Obligations (as herein defined), the Borrower represents to and agrees with Lender, as of the date hereof and as of the date of each loan, credit and/or other financial accommodation, as follows:

## 1. Definitions

**1.1 Definitions.** The following definitions shall apply:

    (A) *"Code"* shall mean the *Uniform Commercial Code of California* as amended from time to time.

    (B) *"Obligation(s)"* shall mean, without limitation, all loans, advances, indebtedness, notes, liabilities and amounts, liquidated or unliquidated, owing by the Borrower to Lender at any time, of each and every kind, nature and description, whether arising under this Agreement or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Borrower to Lender; or are due indirectly by the Borrower to Lender as endorser, guarantor or other surety, or as a borrower under obligations due third persons which have been endorsed or assigned to Lender, or otherwise), absolute or contingent, due or to become due, now existing or hereafter arising or contracted, including, without limitation, payment when due of all amounts outstanding respecting any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Borrower or due from the Borrower to Lender from time to time and all costs and expenses referred to in this Agreement.

    (C) *"Person"* or *"party"* shall mean individuals, partnerships, corporations, limited liability companies and all other entities.

All words and terms used in this Agreement other than those specifically defined herein shall have the meanings accorded to them in the Code.

## 2. The Loan

**2.1 Loan.** Subject to the terms and conditions of this Agreement, Lender hereby agrees to make a loan to **Lisa M. Templer** in the original principal amount of **Six hundred thousand and 00/100 dollars ($600,000.00)** (the *"Loan"*). The Loan shall be evidenced by that certain Term Note, of even date herewith (the *"Note"*) by **Lisa M. Templer** in favor of Lender in the original principal amount of **Six hundred thousand and 00/100 dollars ($600,000.00)**. This Agreement, the Note, and any and all other documents, amendments or renewals executed and delivered in connection with any of the foregoing are collectively hereinafter referred to as the *"Loan Documents"*.

## 3. REPRESENTATIONS AND WARRANTIES

**3.1 Records.** All books and records of the Borrower's business, including but not limited to its books of account, are accurate and up to date and will be so maintained.

**3.2 Title to Properties; Absence of Liens.** Borrower has good and clear record and marketable title to all of its properties and assets, and all of its properties and assets are free and clear of all mortgages, liens, pledges, charges, encumbrances and setoffs.

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 1 of 9

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 5 of 48

**3.3 Places of Business.** Borrower shall, during the term of this Agreement, keep Lender currently and accurately informed in writing of each of Borrower's place of residence and Borrower's places of business, and shall not open or close, move or change any existing or new place of business without giving Lender at least thirty (30) days prior written notice thereof.

**3.4 Valid Obligations.** The Loan Documents represent legal, valid and binding obligations of Borrower and are fully enforceable according to their terms, except as limited by laws relating to the enforcement of creditors' rights.

**3.5 Borrower's Name and Identification.** Borrower represents and warrants that the Borrower is a permanent resident of the State of California and that Borrower has provided Lender with a copy of Borrower's most recent unexpired driver's license issued by California, and, if applicable, a copy of the Borrower's state issued identification card. Borrower represents that the name shown on the driver's license and, if applicable, state issued identification card, is Borrower's true, correct, and legal name. Borrower represents, warrants, and agrees:

    (A) To provide Lender with copies of any driver's licenses and, if applicable, state issued identification cards, issued subsequent to the date of this Agreement within 5 days of such event, and to provide Lender with copies of Borrower's driver's license, and if applicable, state issued identification card, upon request.

    (B) Not to take any action to change the status of or name on the driver's license or, if applicable, state issued identification card without giving Lender a 30 day written notice thereof.

    (C) To notify Lender in writing of an involuntary expiration, revocation, suspension, or change in the status of the driver's license and, if applicable, state issued identification card within 5 days of such event.

    (D) To notify Lender in writing of any change of residence 30 days prior to such event.

    (E) To provide Lender with any information or documentation, including copies of birth certificates and other legal documents, requested to confirm Borrower's name, upon request.

    (F) That Lender is authorized at its discretion to file additional financing statements to protect Lender's security interest in collateral, and authorized to request and obtain information from state authorities regarding Borrower's driver's license and, if applicable, state issued identification card.

**3.6 Conflicts.** There is no provision in any indenture, contract or agreement to which Borrower is a party which prohibits, limits or restricts the execution, delivery or performance of the Loan Documents.

**3.7 Governmental Approvals.** The execution, delivery and performance of the Loan Documents does not require any approval of or filing with any governmental agency or authority.

**3.8 Litigation, etc.** There are no actions, claims or proceedings pending or to the knowledge of Borrower threatened against Borrower which might materially adversely affect the ability of Borrower to conduct its business or to pay or perform the Obligations.

**3.9 Taxes.** The Borrower has filed all Federal, state and other tax returns required to be filed (except for such returns for which current and valid extensions have been filed), and all taxes, assessments and other governmental charges due from the Borrower have been fully paid. The Borrower has established on its books reserves adequate for the payment of all Federal, state and other tax liabilities (if any).

**3.10 Use of Proceeds.** No portion of any loan is to be used for (i) the purpose of purchasing or carrying any "margin security" or "margin stock" as such terms are used in Regulations U and X of the Board of Governors of the Federal Reserve System, 12 *C.F.R.* 221 and 224 or (ii) primarily personal, family or household purposes.

**3.11 Environmental.** As of the date hereof neither the Borrower nor any of Borrower's agents, employees or independent contractors (1) have caused or are aware of a release or threat of release of Hazardous Materials (as defined herein) on any of the premises or personal property owned or controlled by Borrower (*"Controlled Property"*) or any property abutting Controlled Property (*"Abutting Property"*), which could give rise to liability under any Environmental Law (as defined herein) or any other Federal, state or local law, rule or regulation; (2) have arranged for the transport of or transported any Hazardous Materials in a manner as to violate, or result in potential liabilities under, any Environmental Law; (3) have received any notice, order or demand from the Environmental Protection Agency or any other Federal, state or local agency under any Environmental Law; (4) have incurred any liability under any Environmental Law in connection with the mismanagement, improper disposal or release of Hazardous Materials; or (5) are aware of any inspection or investigation of any Controlled Property or Abutting Property by any Federal, state or local agency for possible violations of any Environmental Law.

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 2 of 9

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 6 of
48

To the best of Borrower's knowledge, neither Borrower, nor any prior owner or tenant of any Controlled Property, committed or omitted any act which caused the release of Hazardous Materials on such Controlled Property which could give rise to a lien thereon by any Federal, state or local government. No notice or statement of claim or lien affecting any Controlled Property has been recorded or filed in any public records by any Federal, state or local government for costs, penalties, fines or other charges as to such property. All notices, permits, licenses or similar authorizations, if any, required to be obtained or filed in connection with the ownership, operation, or use of the Controlled Property, including without limitation, the past or present generation, treatment, storage, disposal or release of any Hazardous Materials into the environment, have been duly obtained or filed.

Borrower agrees to indemnify and hold Lender harmless from all liability, loss, cost, damage and expense, including attorney fees and costs of litigation, arising from any and all of its violations of any Environmental Law (including those arising from any lien by any Federal, state or local government arising from the presence of Hazardous Materials) or from the presence of Hazardous Materials located on or emanating from any Controlled Property or Abutting Property whether existing or not existing and whether known or unknown at the time of the execution hereof and regardless of whether or not caused by, or within the control of Borrower. Borrower further agrees to reimburse Lender upon demand for any costs incurred by Lender in connection with the foregoing. Borrower agrees that its obligations hereunder shall be continuous and shall survive the repayment of all debts to Lender and shall continue so long as a valid claim may be lawfully asserted against Lender.

The term *"Hazardous Materials"* includes but is not limited to any and all substances (whether solid, liquid or gas) defined, listed, or otherwise classified as pollutants, hazardous wastes, hazardous substances, hazardous materials, extremely hazardous wastes, or words of similar meaning or regulatory effect under any present or future Environmental Law or that may have a negative impact on human health or the environment, including but not limited to petroleum and petroleum products, asbestos and asbestos-containing materials, polychlorinated biphenyls, lead, radon, radioactive materials, flammables and explosives.

The term *"Environmental Law"* means any present and future Federal, state and local laws, statutes, ordinances, rules, regulations and the like, as well as common law, relating to protection of human health or the environment, relating to Hazardous Materials, relating to liability for or costs of remediation or prevention of releases of Hazardous Materials or relating to liability for or costs of other actual or threatened danger to human health or the environment. The term Environmental Law includes, but is not limited to, the following statutes, as amended, any successor thereto, and any regulations promulgated pursuant thereto, and any state or local statutes, ordinances, rules, regulations and the like addressing similar issues: the *Comprehensive Environmental Response, Compensation and Liability Act*; the *Emergency Planning and Community Right-to-Know Act*; the *Hazardous Materials Transportation Act*; the *Resource Conservation and Recovery Act* (including but not limited to Subtitle I relating to underground storage tanks); the *Solid Waste Disposal Act*; the *Clean Water Act*; the *Clean Air Act*; the *Toxic Substances Control Act*; the *Safe Drinking Water Act*; the *Occupational Safety and Health Act*; the *Federal Water Pollution Control Act*; the *Federal Insecticide, Fungicide and Rodenticide Act*; the *Endangered Species Act*; the *National Environmental Policy Act*; and the *River and Harbors Appropriation Act*.

## 4. AFFIRMATIVE COVENANTS

**4.1 Payments and Performance.** Borrower will duly and punctually pay all Obligations becoming due to Lender and will duly and punctually perform all Obligations on its part to be done or performed under this Agreement.

**4.2 Books and Records; Inspection.** Borrower will at all times keep proper books of account in which full, true and correct entries will be made of its transactions in accordance with generally accepted accounting principles, consistently applied and which are, in the opinion of a Certified Public Accountant acceptable to Lender, adequate to determine fairly the financial condition and the results of operations of Borrower. Borrower will at all reasonable times make its books and records available in its offices for inspection, examination and duplication by Lender and Lender's representatives and will permit inspection of all of its properties by Lender and Lender's representatives. Borrower will from time to time furnish Lender with such information and statements as Lender may request in its sole discretion with respect to the Obligations.

**4.3 Financial Statements.** Borrower will furnish to Lender:

(A) from time to time, such financial data and information about Borrower as Lender may reasonably request; and

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

(B) any financial data and information about any guarantors of the Obligations as Lender may reasonably request.

**4.4 Conduct of Business.** The Borrower will comply with all laws and regulations of the United States and of any state or states thereof and of any political subdivision thereof, and of any governmental authority which may be applicable to it or to its business; provided that this covenant shall not apply to any tax, assessment or charge which is being contested in good faith and with respect to which reserves have been established and are being maintained.

**4.5 Contact with Accountant.** The Borrower hereby authorizes Lender to directly contact and communicate with any accountant employed by Borrower in connection with the review and/or maintenance of Borrower's books and records or preparation of any financial reports delivered by or at the request of Borrower to Lender.

**4.6 Taxes.** Borrower will promptly pay, or cause to be paid, all real and personal property taxes, assessments and charges and all franchise, income, unemployment, retirement benefits, withholding, sales and other taxes assessed against it or payable by it before delinquent, including any real property taxes, property owner or home owner association charges, or any other property charges against property securing a guarantor's guaranty of the Obligations; provided that this covenant shall not apply to any tax assessment or charge which is being contested in good faith and with respect to which reserves have been established and are being maintained.

**4.7 Maintenance.** Borrower will keep and maintain its properties, if any, in good repair, working order and condition. Borrower will immediately notify Lender of any loss or damage to or any occurrence which would adversely affect the value of any such property.

**4.8 Insurance.** Borrower will maintain in force property and casualty insurance on any property of the Borrower, if any, against risks customarily insured against by companies engaged in businesses similar to that of the Borrower containing such terms and written by such companies as may be satisfactory to Lender, such insurance to be payable to Lender as its interest may appear in the event of loss and to name Lender as insured pursuant to a standard loss payee clause; no loss shall be adjusted thereunder without Lender's approval; and all such policies shall provide that they may not be canceled without first giving at least **thirty (30)** days written notice of cancellation to Lender. In the event that the Borrower fails to provide evidence of such insurance, Lender may, at its option, secure such insurance and charge the cost thereof to the Borrower. At the option of Lender, all insurance proceeds received from any loss or damage to any property shall be applied either to the replacement or repair thereof or as a payment on account of the Obligations. From and after the occurrence of an Event of Default, Lender is authorized to cancel any insurance maintained hereunder and apply any returned or unearned premiums, all of which are hereby assigned to Lender, as a payment on account of the Obligations.

**4.9 Notification of Default.** Immediately upon becoming aware of the existence of any condition or event which constitutes an Event of Default, or any condition or event which would upon notice or lapse of time, or both, constitute an Event of Default, the Borrower shall give Lender written notice thereof specifying the nature and duration thereof and the action being or proposed to be taken with respect thereto.

**4.10 Notification of Material Litigation.** Borrower will immediately notify Lender in writing of any litigation or of any investigative proceedings of a governmental agency or authority commenced or threatened against it which would or might be materially adverse to the financial condition of Borrower or any guarantor of the Obligations.

**4.11 Pension Plans.** With respect to any pension or benefit plan maintained by Borrower, or to which Borrower contributes (*"Plan"*), the benefits under which are guaranteed, in whole or in part, by the Pension Benefit Guaranty Corporation created by the *Employee Retirement Income Security Act of 1974*, P.L. 93-406, as amended (*"ERISA"*) or any governmental authority succeeding to any or all of the functions of the Pension Benefit Guaranty Corporation (*"Pension Benefit Guaranty Corporation"*), Borrower will (a) fund each Plan as required by the provisions of Section 412 of the *Internal Revenue Code* of 1986, as amended; (b) cause each Plan to pay all benefits when due; (c) furnish Lender (i) promptly with a copy of any notice of each Plan's termination sent to the Pension Benefit Guaranty Corporation (ii) no later than the date of submission to the Department of Labor or to the Internal Revenue Service, as the case may be, a copy of any request for waiver from the funding standards or extension of the amortization periods required by Section 412 of the Internal Revenue Code of 1986, as amended and (iii) notice of any Reportable Event as such term is defined in ERISA; and (d) subscribe to any contingent liability insurance provided by the Pension Benefit Guaranty Corporation to protect against employer liability upon termination of a guaranteed pension plan, if available to Borrower.

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 4 of 9

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 8 of 48

# 5. NEGATIVE COVENANTS

**5.1 Sale of Assets.** The Borrower shall not sell, lease or otherwise dispose of any of its assets, except in the ordinary and usual course of business and except for the purpose of replacing machinery, equipment or other personal property which, as a consequence of wear, duplication or obsolescence, is no longer used or necessary in the Borrower's business, provided that fair consideration is received therefor; provided, however, in no event shall the Borrower sell, lease or otherwise dispose of any equipment purchased with the proceeds of any loans made by Lender.

**5.2 Change of Name, etc.** Borrower shall not change its legal name or his or her primary residence, without giving Lender at least 30 days prior written notice thereof.

**5.3 Drug-Related Activities.** Borrower shall not enter into, consent to or permit any lease, sublease, license or other agreement relating to, or otherwise permit the use or occupancy of, the Controlled Property for a Controlled Substances Use (defined below) or in any manner that violates or could violate any Controlled Substances Laws (defined below), including, without limitation, any business, communications, financial transactions or other activities related to Controlled Substances or a Controlled Substances Use (defined below) that violate or could violate any Controlled Substances Laws (collectively, *"Drug-Related Activities"*). Borrower and its affiliates shall not engage in any Drug-Related Activities, and Borrower shall not make any payments to Lender from funds derived from Drug-Related Activities. Borrower shall provide to Lender, from time to time, within (10) ten days after Lender's request therefor, any information that Lender requests in its reasonable discretion, relating to compliance with this Section 5.3. Borrower shall include in all leases and other agreements for use and occupancy of the Controlled Property, provisions that (i) prohibit any Controlled Substance Use or Drug-Related Activities on the Controlled Property, and (ii) permit the Lender to make physical inspections of the Controlled Property upon the request of the Lender.

The term *"Controlled Substances Laws"* means the *"Federal Controlled Substances Act"* (21 U.S.C. §801 et seq.) or any other similar or related federal, state or local law, ordinance, code, rule, regulation or order;

The term *"Controlled Substances"* means marijuana, cannabis or other controlled substances as defined in the Federal Controlled Substances Act or that otherwise are illegal or regulated under any Controlled Substances Laws;

The term *"Controlled Substances Use"* means any cultivation, growth, creation, production, manufacture, sale, distribution, storage, handling, possession or 54631439 other use of a Controlled Substance in violation of any Controlled Substances Laws.

The provisions of this Section 5.3 shall apply notwithstanding any state or local law permitting the Controlled Substances Use or Drug-Related Activities. Notwithstanding any provision in this Agreement or any other Loan Document evidencing or securing the Obligations to the contrary, no direct or indirect disclosure by Borrower to Lender or any person affiliated with Lender, and no knowledge of Lender or any person affiliated with the Lender, of the existence of any Drug Related Activities or Controlled Substance Use on, in or about the Controlled Property shall estop Lender or waive any right of Lender to invoke any remedy under the documents and instruments evidencing and/or securing the Obligations for violation of any provision hereof related to the prohibition of any Drug Related Activities or Controlled Substance Use on, in or about the Controlled Property. The foregoing shall apply notwithstanding the receipt or execution of an estoppel certificate or subordination, non-disturbance or attornment agreement or other document from or with any tenant of Borrower engaged in such prohibited activity."

# 6. DEFAULT

**6.1 Default.** *"Event of Default"* shall mean the occurrence of one or more of any of the following events:

    (A) default of any liability, obligation, covenant or undertaking of the Borrower or any guarantor of the Obligations to Lender, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Borrower or any guarantor of the Obligations under any other Loan Document or any other agreement with Lender;

    (B) failure of the Borrower or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to Lender;

    (C) default of any material liability, obligation or undertaking of the Borrower or any guarantor of the Obligations to any other party;

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 5 of 9

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 9 of
48

(D) if any statement, representation or warranty heretofore, now or hereafter made by the Borrower or any guarantor of the Obligations in connection with this Agreement or in any supporting financial statement of the Borrower or any guarantor of the Obligations shall be determined by Lender to have been false or misleading in any material respect when made;

(E) if the Borrower or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the division, merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(F) the death of the Borrower or any guarantor of the Obligations, and, if the Borrower or any guarantor of the Obligations, is a partnership or limited liability company, the death of any partner or member;

(G) the institution by or against the Borrower or any guarantor of the Obligations of any proceedings under the *Bankruptcy Code* 11 USC §101 *et seq.* or any other law in which the Borrower or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Borrower or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Borrower or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(H) the service upon Lender of a writ in which Lender is named as trustee of the Borrower or any guarantor of the Obligations;

(I) a judgment or judgments for the payment of money shall be rendered against the Borrower or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(J) any levy, lien (including mechanics lien) except as permitted under the Loan Documents, seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Borrower or any guarantor of the Obligations;

(K) the termination or revocation of any guaranty of the Obligations; or

(L) the occurrence of such a change in the condition or affairs (financial or otherwise) of the Borrower or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that Lender, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Borrower or any guarantor of the Obligations to Lender has been or may be impaired.

**6.2 Acceleration.** If an Event of Default shall occur, at the election of Lender, all Obligations shall become immediately due and payable without notice or demand, except with respect to Obligations payable on DEMAND, which shall be due and payable on DEMAND, whether or not an Event of Default has occurred.

**6.3 Nonexclusive Remedies.** All of Lender's rights and remedies not only under the provisions of this Agreement but also under any other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by Lender at such time or times and in such order of preference as Lender in its sole discretion may determine.

## 7. MISCELLANEOUS

**7.1 Waivers.** The Borrower waives notice of intent to accelerate, notice of acceleration, notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations, and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof. Borrower further waives any and all rights and defenses that Borrower may have because the underlying debt is secured by real property: this means, among other things, that: (1) Lender may collect from Borrower without first foreclosing on any real or personal property collateral pledged by the underlying debtor; and (2) if Lender forecloses on any real property collateral pledged by the underlying debtor, then (A) the amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price, and (B) Lender may collect from Borrower even if Lender, by foreclosing on the real property collateral, has destroyed any right Borrower may have to collect from the underlying debtor. The foregoing sentence is an unconditional and irrevocable waiver of any rights and defenses Borrower may have because the underlying debt is secured by real property. These rights and defenses being waived by the Borrower include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d or 726 of the California Code of Civil Procedure. Without limiting the generality of the foregoing or any other provision hereof, the Borrower further expressly waives to the extent permitted by law any and all rights and defenses, including without limitation any

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 6 of 9

rights of subrogation, reimbursement, indemnification and contribution, which might otherwise be available to Borrower under *California Civil Code* Sections 2822, 2787 to 2855, inclusive, 2899 and 3433, or under *California Code of Civil Procedure* Sections 580a, 580b, 580d and 726, or any such section.

**7.2 Waiver of Homestead.** To the maximum extent permitted under applicable law, the Borrower hereby waives and terminates any homestead rights and/or exemptions respecting any of its property under the provisions of any applicable homestead laws, including without limitation, *California Code of Civil Procedure* Sections 704-710 *et seq*.

**7.3 Deposit Collateral.** The Borrower hereby grants to Lender a continuing lien and security interest in any and all deposits or other sums at any time credited by or due from Lender to the Borrower and any cash, securities, instruments or other property of the Borrower in the possession of Lender, whether for safekeeping or otherwise, or in transit to or from Lender (regardless of the reason Lender had received the same or whether Lender has conditionally released the same) as security for the full and punctual payment and performance of all of the liabilities and obligations of the Borrower to Lender and such deposits and other sums may be applied against such liabilities and obligations of the Borrower to Lender at any time, whether or not such are then due, whether or not demand has been made and whether or not other collateral is then available to Lender.

**7.4 Indemnification.** The Borrower shall indemnify, defend and hold Lender and its directors, officers, employees, agents and attorneys (each an *"Indemnitee"*) harmless of and from any claim brought or threatened against any Indemnitee by the Borrower, any guarantor or endorser of the Obligations, or any other person (as well as from reasonable attorneys' fees and expenses in connection therewith) on account of Lender's relationship with the Borrower, or any guarantor or endorser of the Obligations (each of which may be defended, compromised, settled or pursued by Lender with counsel of Lender's election, but at the expense of the Borrower), except for any claim arising out of the gross negligence or willful misconduct of Lender. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by Lender in favor of the Borrower.

**7.5 Costs and Expenses.** The Borrower shall pay to Lender on demand any and all costs and expenses (including, without limitation, reasonable attorneys' fees and disbursements, court costs, litigation and other expenses) incurred or paid by Lender in establishing, maintaining, protecting or enforcing any of Lender's rights or the Obligations, including, without limitation, any and all such costs and expenses incurred or paid by Lender in defending Lender's security interest in, title or right to any collateral or in collecting or attempting to collect or enforcing or attempting to enforce payment of any Obligation.

**7.6 Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be an original, but all of which shall constitute but one agreement.

**7.7 Severability.** If any provision of this Agreement or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Agreement (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

**7.8 Complete Agreement.** This Agreement and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

**7.9 Binding Effect of Agreement.** This Agreement shall be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and Lender shall be entitled to rely thereon) until released in writing by Lender. Lender may transfer and assign this Agreement and deliver it to the assignee, who shall thereupon have all of the rights of Lender; and Lender shall then be relieved and discharged of any responsibility or liability with respect to this Agreement. The Borrower may not assign or transfer any of its rights or obligations under this Agreement. Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Agreement or the other Loan Documents.

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 7 of 9

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 11
of 48

**7.10 Further Assurances.** Borrower will from time to time execute and deliver to Lender such documents, and take or cause to be taken, all such other or further action, as Lender may request in order to effect and confirm or vest more securely in Lender all rights contemplated by this Agreement and the other Loan Documents (including, without limitation, to correct clerical errors) or to comply with applicable statute or law.

**7.11 Amendments and Waivers.** This Agreement may be amended and Borrower may take any action herein prohibited, or omit to perform any act herein required to be performed by it, if Borrower shall obtain Lender's prior written consent to each such amendment, action or omission to act. No course of dealing and no delay or omission on the part of Lender in exercising any right hereunder shall operate as a waiver of such right or any other right and waiver on any one or more occasions shall not be construed as a bar to or waiver of any right or remedy of Lender on any future occasion.

**7.12 Terms of Agreement.** This Agreement shall continue in full force and effect so long as any Obligations or obligation of Borrower to Lender shall be outstanding, or Lender shall have any obligation to extend any financial accommodation hereunder, and is supplementary to each and every other agreement between Borrower and Lender and shall not be so construed as to limit or otherwise derogate from any of the rights or remedies of Lender or any of the liabilities, obligations or undertakings of Borrower under any such agreement, nor shall any contemporaneous or subsequent agreement between Borrower and Lender be construed to limit or otherwise derogate from any of the rights or remedies of Lender or any of the liabilities, obligations or undertakings of Borrower hereunder, unless such other agreement specifically refers to this Agreement and expressly so provides.

**7.13 Notices.** Any notices under or pursuant to this Agreement shall be deemed duly received and effective if delivered in hand to any officer or agent of the Borrower or Lender, or if mailed by registered or certified mail, return receipt requested, addressed to the Borrower or Lender at the address set forth in this Agreement or as any party may from time to time designate by written notice to the other party.

**7.14 Governing Law.** This Agreement shall be governed by the laws of the State of California.

**7.15 Reproductions.** This Agreement and all documents which have been or may be hereinafter furnished by Borrower to Lender may be reproduced by Lender by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

**7.16 Jurisdiction and Venue.** Borrower irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in California, over any suit, action or proceeding arising out of or relating to this Agreement. Borrower irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum.

Borrower hereby consents to any and all process which may be served in any such suit, action or proceeding, (i) by mailing a copy thereof by registered and certified mail, postage prepaid, return receipt requested, to the Borrower's address shown in this Agreement or as notified to Lender or (ii) by serving the same upon the Borrower in any other manner otherwise permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Borrower.

**7.17 JURY WAIVER. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE BORROWER AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS AGREEMENT, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE, OR HAS NOT BEEN, WAIVED. THE BORROWER CERTIFIES THAT NEITHER LENDER NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 8 of 9

**7.18 Civil Code Section 2822.** In the event that at any time, a surety is liable upon only a portion of Borrower's obligations under the Loan Documents and Borrower provides partial satisfaction of any such obligation(s), the Borrower hereby waives any right it would otherwise have, under Section 2822 of the *California Civil Code*, to designate the portion of the obligations to be satisfied. The designation of the portion of the obligation to be satisfied shall, to the extent not expressly made by the terms of the Loan Documents, be made by Lender rather than Borrower.

## Signatures

Executed as of June 13, 2022.

**Borrower**

Lisa M. Templer   6/13/2022
_____  _____
Lisa M. Templer       **Date**

**Velocity Commercial Capital, LLC**
 *a California Limited Liability Company*

_____  _____
             **Date**

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

09/2020
Page 9 of 9

Case: 24-41361  Doc# 34-1  Filed: 12/03/24  Entered: 12/03/24 17:04:29  Page 13 of 48

**7.18 Civil Code Section 2822.** In the event that at any time, a surety is liable upon only a portion of Borrower's obligations under the Loan Documents and Borrower provides partial satisfaction of any such obligation(s), the Borrower hereby waives any right it would otherwise have, under Section 2822 of the *California Civil Code*, to designate the portion of the obligations to be satisfied. The designation of the portion of the obligation to be satisfied shall, to the extent not expressly made by the terms of the Loan Documents, be made by Lender rather than Borrower.

**Signatures**

Executed as of June 13, 2022.

**Borrower**


_____          **Date**
Lisa M. Templer

**Velocity Commercial Capital, LLC**
*a California Limited Liability Company*


_____     6/15/22
                                            **Date**

Loan Agreement-Commercial
© 2020 Wolters Kluwer Financial Services, Inc.
All rights reserved.

# EXHIBIT 2



# Term Note

Loan No. 6723096822

**June 13, 2022**

**$600,000.00**

## 1. Promise to Pay

For value received, the undersigned, **Lisa M. Templer, an individual,** with an address of **5279 Mohican Way, Antioch, California 94531** (the *"Borrower"*), promises to pay to the order of Velocity Commercial Capital, LLC, a California Limited Liability Company, with an address of 30699 Russell Ranch Road, Suite 295, Westlake Village, CA 91362 (together with its successors and assigns, the *"Lender"*), the principal amount of **Six hundred thousand and 00/100 dollars ($600,000.00)** on or before **July 1, 2052** (the *"Maturity Date"*), as set forth below, together with interest from the date hereof on the unpaid principal balance from time to time outstanding until paid in full. The Borrower shall pay consecutive monthly installments of principal and interest, as follows: **$4,346.25** commencing on **August 1, 2022,** and the same amount (except the last installment which shall be the unpaid balance) on the 1st day of each month thereafter. The aggregate principal balance outstanding shall bear interest thereon at a per annum rate equal to **7.865%**.

## 2. Amortization Period

The calculation of the payment amount is based on a **360 month** amortization period.

## 3. Payment Delivery; Interest Accrual Basis

Principal and interest shall be payable at Lender's main office or at such other place as Lender may designate in writing in immediately available funds in lawful money of the United States of America without set-off, deduction or counterclaim. Interest shall be calculated monthly on the basis of a 360-day year based on twelve (12) thirty (30) day months except that interest due and payable for a period of less than a full month shall be calculated by multiplying the actual number of days elapsed in such period by a daily rate based on said 360-day year.

## 4. Prepayment Charge

This Note may be prepaid in whole or in part upon thirty (30) days prior written notice to Lender. In the event of any prepayment of this Note at any time through July 1, 2027 (the *"Prepayment Charge Expiration Date"*) whether by voluntary prepayment, acceleration or otherwise, the Borrower shall, at the option of Lender, pay a *"fixed rate prepayment charge"* equal to the product of (a) the principal amount so prepaid and (b) the percentage set forth in the table below for any prepayment made during the indicated period. No Prepayment Premium will be due if (a) prior to the Prepayment Charge Expiration Date, a prepayment amount received plus all other prepayment amounts received in the most recent 12 months is not greater than 20% of the Principal Amount of the Note, or (b) a prepayment is made in whole or in part after the Prepayment Charge Expiration Date.

For all purposes including the accrual of interest, any prepayment received by Lender on any day other than the last calendar day of the month shall be deemed to have been received on the last calendar day of the month.

| Period | Percentage |
|---|---|
| June 13, 2022 - July 1, 2023 | 5% |
| August 1, 2023 - July 1, 2024 | 4% |
| August 1, 2024 - July 1, 2025 | 3% |
| August 1, 2025 - July 1, 2026 | 2% |
| August 1, 2026 - July 1, 2027 | 1% |

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 16 of 48

After the last period indicated in the above table this Note may be prepaid in whole or in part without any prepayment charge.

If the maturity of this Note is accelerated by Lender because of the occurrence of an event of default, the resulting acceleration shall be deemed to be an election on the part of the Borrower to prepay this Note. Accordingly, there shall be added to the amount due after an event of default and resulting acceleration, the fixed rate prepayment charge, calculated as shown below and using as the prepayment date the date on which any tender of payment is made, and the Borrower agrees to pay the same.

The Borrower, by its signature below, hereby expressly (i) waives any rights it may have under California Civil Code Section 2954.10 to prepay this Note, in whole or in part, without penalty, upon acceleration of the maturity date, and (ii) agrees that if, for any reason, a prepayment of all or any portion of the principal amount of this Note is made upon or following any acceleration of the maturity date by Lender on account of any event of default by the Borrower, then the Borrower shall be obligated to pay concurrently with such prepayment the fixed rate prepayment charge specified in the foregoing paragraphs. By signing this provision in the space provided below, the Borrower hereby declares that Lender's agreement to make the loan evidenced by this Note constitutes adequate consideration, given individual weight by the Borrower, for this waiver and agreement.

**Borrower**

_Lisa M. Templer_      6/13/2022
Lisa M. Templer             **Date**

## 5. Default

At the option of Lender, this Note shall become immediately due and payable without notice or demand upon the occurrence at any time of any of the following events of default (each, an *"Event of Default"*): (1) default of any liability, obligation, covenant or undertaking of the Borrower or any guarantor hereof to Lender, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Borrower or any guarantor hereof under any other loan document delivered by the Borrower or any guarantor, or in connection with the loan evidenced by this Note or any other agreement by the Borrower or any guarantor with Lender; (2) failure of the Borrower or any guarantor hereof to maintain aggregate collateral security value satisfactory to Lender; (3) default of any material liability, obligation or undertaking of the Borrower or any guarantor hereof to any other party; (4) if any statement, representation or warranty heretofore, now or hereafter made by the Borrower or any guarantor hereof in connection with the loan evidenced by this Note or in any supporting financial statement of the Borrower or any guarantor hereof shall be determined by Lender to have been false or misleading in any material respect when made; (5) if the Borrower or any guarantor hereof is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the division, merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property; (6) the death of the Borrower or any guarantor hereof and, if the Borrower or any guarantor hereof is a partnership or limited liability company, the death of any partner or member; (7) the institution by or against the Borrower or any guarantor hereof of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Borrower or any guarantor hereof is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Borrower or any guarantor hereof of an assignment for the benefit of creditors or the granting by the Borrower or any guarantor hereof of a trust mortgage for the benefit of creditors; (8) the service upon Lender of a writ in which Lender is named as trustee of the Borrower or any guarantor hereof; (9) a judgment or judgments for the payment of money shall be rendered against the Borrower or any guarantor hereof, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution; (10) any levy, lien (including mechanics lien) except as permitted under any of the other loan documents between Lender and the Borrower, seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Borrower or any guarantor hereof; (11) the termination or revocation of any guaranty hereof; (12) the occurrence of such a change in the condition or affairs (financial or otherwise) of the Borrower or any guarantor hereof; or (13) the occurrence of any other event or circumstance, such that Lender, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Borrower or any guarantor hereof to Lender has been or may be impaired.

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

## 6. How Payments Are Applied

Notwithstanding the foregoing, any payments received after the occurrence and during the continuance of an Event of Default shall be applied in such manner as Lender may determine. The Borrower hereby authorizes Lender to charge any deposit account which the Borrower may maintain with Lender for any payment required hereunder without prior notice to the Borrower.

## 7. Interest Rate Not To Exceed Legal Limit

If pursuant to the terms of this Note, the Borrower is at any time obligated to pay interest on the principal balance at a rate in excess of the maximum interest rate permitted by applicable law for the loan evidenced by this Note, the applicable interest rate shall be immediately reduced to such maximum rate and all previous payments in excess of the maximum rate shall be deemed to have been payments in reduction of principal and not on account of the interest due hereunder.

More specifically, if from any circumstances whatsoever, fulfillment of any provision of this Note or any other loan document executed and delivered in connection with this Note, at the time performance of such provision becomes due, would exceed the limit on interest then permitted by any applicable usury statute or any other applicable law, Lender may, at its option (a) reduce the obligations to be fulfilled to such limit on interest, or (b) apply the amount in excess of such limit on interest to the reduction of the outstanding principal balance of the obligations, and not to the payment of interest, with the same force and effect as though Borrower had specifically designated such sums to be so applied to principal and Lender had agreed to accept such extra payments(s) as a premium-free prepayment, so that in no event shall any exaction be possible under this Note or any other loan document that is in excess of the applicable limit on interest. It is the intention of Borrower and Lender that the total liability for payments in the nature of interest shall not exceed the limits imposed by any applicable state or federal interest rate laws. The provisions of this paragraph shall control every other provision of this Note, and any provision of any other loan document in conflict with this paragraph.

## 8. Business/Commercial Purpose

**The Borrower represents to Lender that the proceeds of this Note will not be used for personal, family or household purposes or for the purpose of purchasing or carrying margin stock or margin securities within the meaning of Regulations U and X of the Board of Governors of the Federal Reserve System, 12 C.F.R. Parts 221 and 224.**

## 9. Lien and Setoff

The Borrower grants to Lender a continuing lien on and security interest in any and all deposits or other sums at any time credited by or due from Lender to the Borrower and any cash, securities, instruments or other property of the Borrower in the possession of Lender, whether for safekeeping or otherwise, or in transit to or from Lender (regardless of the reason Lender had received the same or whether Lender has conditionally released the same) as security for the full and punctual payment and performance of all of the liabilities and obligations of the Borrower to Lender and such deposits and other sums may be applied or set off against such liabilities and obligations of the Borrower to Lender at any time, whether or not such are then due, whether or not demand has been made and whether or not other collateral is then available to Lender.

## 10. Waivers

No delay or omission on the part of Lender in exercising any right hereunder shall operate as a waiver of such right or of any other right of Lender, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The Borrower and any other party obligated on account of this Note by contract, by operation of law or otherwise (the Borrower and each Borrower, if more than one, and each such other party, an *"Obligor"*) regardless of the time, order or place of signing, waive presentment, demand, protest, notice of intent to accelerate, notice of acceleration and all other notices of every kind in connection with the delivery, acceptance, performance or enforcement of this Note and assent to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange or release of collateral, and to the addition or release of any other party or person primarily or secondarily liable and waive all recourse to suretyship and guarantor defenses generally, including any defense based on impairment of collateral. To the maximum extent permitted by law, the Borrower waives and terminates any homestead rights and/or exemptions respecting any premises under the provisions of any applicable homestead laws, including without limitation, *California Code of Civil Procedure* Sections 704-710 *et seq*.

The Borrower and each Obligor hereby waive presentment, demand, protest, notice of dishonor, notice of protest and all other notices and demands of every kind, and all suretyship defenses of any kind, in each case that would otherwise

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

10/2020
Page 3 of 5

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 18
of 48

be available in connection with this Note including, without limitation, any right (whether now or hereafter existing) to require the holder hereof to first proceed against the Borrower, or any other party obligated on account of this Note, for any security.

In the event that at any time, a surety is liable upon only a portion of the Borrower's or any Obligor's obligations under this Note and the Borrower provides partial satisfaction of any such obligation(s), each of the Borrower and each Obligor hereof, if any, hereby waives any right it would otherwise have, under Section 2822 of the California Civil Code, to designate the portion of the obligations to be satisfied. The designation of the portion of the obligation to be satisfied shall, to the extent not expressly made by the terms of this Note, be made by Lender rather than Borrower.

## 11. Indemnification

The Borrower shall indemnify, defend and hold Lender and its directors, officers, employees, agents and attorneys (each an *"Indemnitee"*) harmless against any claim brought or threatened against any Indemnitee by the Borrower or by any other person (as well as from attorneys' reasonable fees and expenses in connection therewith) on account of Lender's relationship with the Borrower (each of which may be defended, compromised, settled or pursued by Lender with counsel of Lender's selection, but at the expense of the Borrower), except for any claim arising out of the gross negligence or willful misconduct of Lender.

## 12. Costs and Expenses, Default Rate, Late Charge

The Borrower agrees to pay, upon demand, costs of collection of all amounts under this Note including, without limitation, principal and interest, or in connection with the enforcement of, or realization on, any security for this Note, including, without limitation, to the extent permitted by applicable law, reasonable attorneys' fees and expenses. Upon the occurrence and during the continuance of an Event of Default, interest shall accrue at a rate per annum equal to the aggregate of 4% plus the rate provided for herein. If any payment due under this Note is unpaid for 10 days or more, the Borrower shall pay, in addition to any other sums due under this Note (and without limiting Lender's other remedies on account thereof), a late charge equal to 5% of such unpaid amount.

## 13. Binding Effect, Joint and Several Liability, Complete Agreement

This Note shall be binding upon the Borrower and upon its heirs, successors, assigns and legal representatives, and shall inure to the benefit of Lender and its successors, endorsees and assigns.

The liabilities of the Borrower and each Borrower, if more than one, and any Obligor are joint and several; provided, however, the release by Lender of the Borrower or any one or more Obligors shall not release any other person obligated on account of this Note. Any and all present and future debts of the Borrower to any Obligor are subordinated to the full payment and performance of all present and future debts and obligations of the Borrower to Lender. Each reference in this Note to the Borrower and each Borrower, if more than one, and Obligor, is to such person individually and also to all such persons jointly. No person obligated on account of this Note may seek contribution from any other person also obligated, unless and until all liabilities, obligations and indebtedness to Lender of the person from whom contribution is sought have been irrevocably satisfied in full. The release or compromise by Lender of any collateral shall not release any person obligated on account of this Note.

The Borrower authorizes Lender to complete this Note if delivered incomplete in any respect. A photographic or other reproduction of this Note may be made by Lender, and any such reproduction shall be admissible in evidence with the same effect as the original itself in any judicial or administrative proceeding, whether or not the original is in existence.

## 14. Further Assurances

The Borrower will from time to time execute and deliver to Lender such documents, and take or cause to be taken, all such other further action, as Lender may request in order to effect and confirm or vest more securely in Lender all rights contemplated by this Note or any other loan documents related thereto (including, without limitation, to correct clerical errors) or to vest more fully in or assure to Lender the security interest in any collateral securing this Note or to comply with applicable statute or law.

## 15. Governing Law

This Note shall be governed by the laws of the State of California.

## 16. Section Headings

Section headings are for reference only and are not intended to affect the interpretation of the provisions of this Note.

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

10/2020
Page 4 of 5

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 19 of 48

## 17. Notices

Any notices under or pursuant to this Note shall be deemed duly received and effective if delivered in hand to any officer or agent of the Borrower or Bank, or if mailed by registered or certified mail, return receipt requested, addressed to the Borrower or Bank at the address set forth in this Note or as any party may from time to time designate by written notice to the other party.

## 18. Jurisdiction and Venue

The Borrower irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in California, over any suit, action or proceeding arising out of or relating to this Note. The Borrower irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Borrower hereby consents to any and all process which may be served in any such suit, action or proceeding, (i) by mailing a copy thereof by registered and certified mail, postage prepaid, return receipt requested, to the Borrower's, address shown in the records of Lender or (ii) by serving the same upon the Borrower(s) in any other manner otherwise permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Borrower.

## 19. Waiver of Jury Trial

**TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE BORROWER AND LENDER EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVES ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS NOTE, ANY OF THE OBLIGATIONS OF THE BORROWER TO LENDER, AND ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREES NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN, WAIVED. THE BORROWER AND LENDER EACH CERTIFIES THAT NEITHER LENDER NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

## SIGNATURES

Executed as of June 13, 2022.

**Borrower**

_Lisa M. Templer_       6/13/2022

Lisa M. Templer                                  Date

Note-Commercial
© 2019 Wolters Kluwer Financial Services, Inc.
All rights reserved.

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 20 of 48

# EXHIBIT 3

RECORDING REQUESTED BY:
**Stewart Title of California, Inc.**

WHEN RECORDED MAIL TO:

Velocity Commercial Capital, LLC
PO Box 7089
Westlake Village, Ca 91359

ORDER NO.   1620861

APN:  068-300-004

*6723096822*



Electronically Recorded
CONTRA COSTA Co Recorder Office
DEBORAH COOPER, Clerk-Recorder
**DOC - 2022-0099472**
Wednesday, Jun 15, 2022 11:54
SB2 Fee: $150.00
Total Paid: $292.00          Receipt #: 202200079594
19 - eRecording Partners Network LLC                    210 / CPPC / 5-22

SPACE ABOVE THIS LINE FOR RECORDERS USE

Deed of Trust, Security Agreement, Assignment of Leases, Rents,
and Profits, and Fixture Filing
Title of Document

**Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).**

**Reason for Exemption:**

☐ Exempt as Transfer of real property subject to imposition of documentary tax.

☐ Exempt from fee under GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt as Transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); executed or recorded to remove a restrictive covenant that is in violation of Section 12955.

☒ Exempt from fee per GC 27388.1 (a) (1); exceeds maximum fee of $225.00.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THE FOLLOWING EXEMPTIONS APPLY TO CERTAIN COUNTIES INCLUDING KERN, MARIN, PLUMAS, SANDIEGO AND SAN FRANCISCO COUNTIES:**

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT) which was paid on document recorded on _____ as Document No. _____ of the Official County Records, or

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer where the maximum fee of $225 was reached with documents recorded on _____ as Document No. _____ of the Official County Records

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer that is a residential dwelling to an owner-occupier with documents recorded on _____ as Document No. _____ of the Official County Records.

I hereby declare under penalty of perjury that the information provided above is true and correct
to the best of my knowledge and understanding.

Executed this _14_ day of __June____, __2022__

At _____ Brentwood _____          _____ California _____
                              City                                                    State

_____

*Loree Russo*

Order No.: 1620861                                                                                      Page 1 of 1

RECORDING REQUESTED BY:
**Stewart Title of California, Inc.**

WHEN RECORDED MAIL TO:

Velocity Commercial Capital, LLC
PO Box 7089
Westlake Village, Ca 91359

ORDER NO.   1620861

APN: 068-300-004

SPACE ABOVE THIS LINE FOR RECORDERS USE

Deed of Trust, Security Agreement, Assignment of Leases, Rents,
and Profits, and Fixture Filing

Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

**Reason for Exemption:**

☐ Exempt as Transfer of real property subject to imposition of documentary tax.

☐ Exempt from fee under GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt as Transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); executed or recorded to remove a restrictive covenant that is in violation of Section 12955.

☒ Exempt from fee per GC 27388.1 (a) (1); exceeds maximum fee of $225.00.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THE FOLLOWING EXEMPTIONS APPLY TO CERTAIN COUNTIES INCLUDING KERN, MARIN, PLUMAS, SANDIEGO AND SAN FRANCISCO COUNTIES:**

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT) which was paid on document recorded on _____ as Document No. _____ _____ of the Official County Records, or

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer where the maximum fee of $225 was reached with documents recorded on _____ as Document No. _____ of the Official County Records

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer that is a residential dwelling to an owner-occupier with documents recorded on _____ as Document No. _____ of the Official County Records.

I hereby declare under penalty of perjury that the information provided above is true and correct
to the best of my knowledge and understanding.

Executed this _14_ day of __June____, __2022__

At _____ , _____
                    Brentwood                                    California
                    City                                              State

_____

*Loree Russo*

Order No.: 1620861

Page 1 of 1

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 23 of 48

Recording Requested By:
Stewart Title of California

**Recording Requested By:** Velocity Commercial Capital, LLC

**Return To:** Velocity Commercial Capital, LLC
PO Box 7089
Westlake Village, CA 91359 - 7089

**Prepared By:** Harrison Jenkins
30699 Russell Ranch Rd, Ste. 295
Westlake Village, CA 91362

**Assessor's Identification Number:** 068-300-004-6

**Property Address:**
2505 Devpar Court
Antioch, CA 94509-2876

1620861

# Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing

This DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES, RENTS, AND PROFITS, AND FIXTURE FILING (this *"Deed of Trust"*) is entered into as of June 13, 2022, among Lawrence Edward Templer, Jr., an unmarried man an undivided 50% ownership share; and Lisa M. Templer, an unmarried woman an undivided 50% ownership share; as tenants in common, with an address of 5279 Mohican Way, Antioch, California 94531 (collectively and jointly and severally, the *"Trustor"*), T. D. SERVICE COMPANY, a California corporation, with an address of 4000 West Metropolitan Drive #400, Orange, California 92868 (the *"Trustee"*) for the use and benefit of Velocity Commercial Capital, LLC, a California Limited Liability Company, with an address of 30699 Russell Ranch Road, Suite 295, Westlake Village, California 91362 (the *"Beneficiary"*).

The real property which is the subject matter of this Deed of Trust has the following address(es): 2505 Devpar Court, Antioch, CA 94509-2876 (the *"Address(es)"*).

See attached Exhibit A

## 1. Deed of Trust, Obligations and Future Advances

**1.1 Deed of Trust.** For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Beneficiary forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, all of Trustor's right, title and interest in and to the Property described below, to secure the

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.
2022061322.1.0.4068-J20210329Y
03/2021
Page 1 of 20

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 24 of 48

prompt payment and performance of the Obligations (as hereinafter defined), including without limitation, all amounts due and owing to Beneficiary and all obligations respecting that certain Term Note, dated June 13, 2022, by Lisa M. Templer in favor of Beneficiary in the original principal amount of $600,000.00 (the *"Note"*; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the *"Loan Documents"*), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

**1.2 Security Interest in Property.** As continuing security for the Obligations (as hereafter defined) the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the *Uniform Commercial Code of California* (the *"Uniform Commercial Code"*) as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

**1.3 Collateral Assignment of Leases and Rents.** The Trustor hereby irrevocably and unconditionally assigns to Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property. This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

**1.4 Conditions to Grant.** Trustee shall have and hold the above granted Property unto and to the use and benefit of Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents (as hereinafter defined) and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

**1.5 Property.** The term *"Property"*, as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the *Uniform Commercial Code*, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) the following categories of assets as defined in the Uniform Commercial Code: goods (including inventory, equipment and any accessions thereto), instruments (including promissory notes), documents, accounts (including health-care-insurance receivables), chattel paper (whether tangible or electronic), deposit accounts, letter-of-credit rights (whether or not the letter of credit

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

is evidenced by a writing), securities and all other investment property, general intangibles (including payment intangibles and software), supporting obligations and any and all proceeds of any thereof, whether now owned or hereafter acquired, that are located on or used in connection with, or that arise in whole or in part out of the Trustor's use of or business conducted on or respecting, the Property and any substitutions, replacements, accessions and proceeds of any of the foregoing; (iii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iv) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the *"Leases"*); and (v) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

**1.6 Obligations.** The term *"Obligation(s)"*, as used in this Deed of Trust, shall mean, without limitation, all loans, advances, indebtedness, notes, liabilities and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to Beneficiary at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to Beneficiary; or are due indirectly by the Trustor to Beneficiary as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to Beneficiary, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of $600,000.00 of the amounts outstanding pursuant to the terms of the Loan Documents as set forth herein. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to Beneficiary from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses (including reasonable attorney's fees) of enforcement of Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith.

**1.7 Cross-Collateral and Future Advances.** It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2. Representations, Warranties, Covenants

**2.1 Representations and Warranties.** The Trustor represents and warrants that:

    (A) This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

    (B) The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than as set forth in detail in Exhibit B hereto (the *"Permitted Encumbrances"*);

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.    2022061322.1.0.4068-J20210329Y

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 26 of 48

(C) The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(D) As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by Beneficiary; and

(E) Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

**2.2 Recording; Further Assurances.** The Trustor covenants that it shall, at its sole cost and expense and upon the request of Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of Beneficiary in the Property and the rights of Beneficiary under this Deed of Trust. Trustor will from time to time execute and deliver to Beneficiary such documents, and take or cause to be taken, all such other or further action, as Beneficiary may request in order to effect and confirm or vest more securely in Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to Beneficiary the security interest in, the Property or to comply with applicable statute or law. To the extent permitted by applicable law, Trustor authorizes Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction. Beneficiary may at any time and from time to time file financing statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the *Uniform Commercial Code* for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by Beneficiary. Trustor agrees to furnish any such information to Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as Beneficiary may reasonably request for Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for Beneficiary, and (ii) otherwise to insure the continued perfection and priority of Beneficiary's security interest in any of the Property and the preservation of its rights therein. Trustor hereby constitutes Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

**2.3 Restrictions on the Trustor.** The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of Beneficiary in each instance:

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

(A) Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(B) Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule (*"Hazardous Substances"*); or

(C) Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien. The Trustor further agrees to give Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same. The Trustor agrees to defend its title to the Property and Beneficiary's interest therein against the claims of all persons and, unless Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or Beneficiary's interest hereunder.

**2.4 Operation of Property.** The Trustor covenants and agrees as follows:

(A) The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

(B) The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to Beneficiary, provide deductible amounts acceptable to Beneficiary, name Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 28
of 48

policies shall occur without at least thirty (30) days prior written notice to Beneficiary. Such policies shall include (i) a mortgage endorsement determined by Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as Beneficiary may request. The Trustor will furnish to Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to Beneficiary. The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(C) Trustor will not enter into or modify the Leases in any material respect without the prior written consent of Beneficiary, execute any assignment of the Leases except in favor of Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(D) Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit Beneficiary and Beneficiary's agents, employees and representatives, at such reasonable times as Beneficiary may request, to enter and inspect the Property and such books and records; and

(E) Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

**2.5 Payments.** The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by Beneficiary, the Trustor shall deposit from time to time with Beneficiary sums determined by Beneficiary to be sufficient to pay when due the amounts referred to in this Section. The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at Beneficiary's request, provides Beneficiary with adequate cash security, in Beneficiary's reasonable judgment, against the enforcement thereof. The Trustor shall furnish to Beneficiary the receipted real estate tax bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by Beneficiary. If Trustor shall fail to pay such sums, Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 29 of 48

**2.6 Notices; Notice of Default.** The Trustor will deliver to Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

**2.7 Takings.** In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a *"Taking"*), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to Beneficiary, describing the nature and extent thereof. Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for Beneficiary and immediately pay the same to Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to Beneficiary in amounts not exceeding the Obligations. Beneficiary may apply such amounts to the Obligations in such order as Beneficiary may determine.

**2.8 Insurance Proceeds.** The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to Beneficiary and, at the option of Beneficiary, be applied to the Obligations in such order as Beneficiary may determine; provided, however, that if Beneficiary shall require repair of the Property, Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for Beneficiary and promptly paid to it.

## 3. Certain Rights of Beneficiary

**3.1 Legal Proceedings.** Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

**3.2 Appraisals/Assessments.** Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

**3.3 Financial Statements.** Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by Beneficiary.

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                              2022061322.1.0.4068-J20210329Y
03/2021
Page 7 of 20

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 30 of 48

**3.4 Substitution of Trustee.** The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder. Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder. Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee. The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

**3.5 Leases and Rent Roll.** The Trustor shall deliver to Beneficiary (i) during each calendar year and at such other times as Beneficiary shall request a rent roll for the Property, in form acceptable to Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as Beneficiary shall request executed copies of all the Leases.

## 4. Defaults and Remedies

**4.1 Events of Default.** *"Event of Default"* shall mean the occurrence of any one or more of the following events:

    (A) default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with Beneficiary;

    (B) failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents;

    (C) the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

    (D) failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to Beneficiary;

    (E) default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party;

    (F) any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by Beneficiary to have been false or misleading in any material respect when made;

    (G) if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

    (H) the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 31 of 48

(I) the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the *Bankruptcy Code* 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(J) the service upon Beneficiary of a writ in which Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(K) a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(L) any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(M) the termination or revocation of any guaranty of the Obligations; or

(N) the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to Beneficiary has been or may be impaired.

**4.2 Remedies.** On the occurrence of any Event of Default Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(A) Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an Event of Default has occurred hereunder;

(B) Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by Beneficiary upon the Property for any reason shall not cause Trustee or Beneficiary to be a mortgagee in possession, except upon the express written declaration of Beneficiary;

(C) With or without taking possession, by itself or through a receiver, receive and collect all rents, income, issues and profits (*"Rents"*) from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints Beneficiary as its true and lawful attorney with the power for Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases. Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees that exercise of such rights

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 32 of 48

and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. Beneficiary shall be liable to account only for such Rents actually received by Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from Beneficiary, to pay all amounts due the Trustor under the Leases to Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(D) In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a *"Portion"*), Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such Portion without impairing its right to foreclose subsequently upon any other Portion or the entirety of the Property from time to time thereafter. In addition, Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(E) Choose to dispose of some or all of the Property in any combination consisting of both real and personal property, together in one sale, public or private, to held in accordance with law and procedures applicable to real property, as permitted by Section 9604 of the *Uniform Commercial Code*. Trustor agrees that such a sale of personal property together with real property constitutes a commercially reasonable sale of the personal property. Before any sale, Beneficiary or Trustee shall give such notice of default and election to sell as may then be required by law. When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, Trustee may sell the property being sold at a public auction to be held at the time and place specified in the notice of sale. Neither Trustee nor Beneficiary shall have any obligation to make demand on Trustor before any sale. From time to time in accordance with then applicable law, Trustee may, and in any event at Beneficiary's request shall, postpone any sale by public announcement at the time and place noticed for that sale. Notwithstanding the foregoing, Beneficiary shall be under no obligation to consummate a sale if, in its judgment, none of the offers received by it equals the fair value of the property offered for sale. At any sale, any person including Beneficiary may bid for and acquire the property or any part thereof to the extent permitted by then applicable law. Instead of paying cash for such property, Beneficiary may settle for the purchase price by crediting the sales price of the property against the expenses of sale, costs of any action and any other sums for which Trustor is obligated to pay or reimburse Beneficiary or Trustee under this Deed of Trust and all other Obligations in any order and proportion as Beneficiary in its sole discretion may choose. The foregoing procedures do not constitute the only procedures that may be commercially reasonable and, Beneficiary and Trustee may choose, for example, if the Property consists of more than one parcel, to sell and dispose of such parcels in separate or combined sales in such order as Beneficiary may elect. The proceeds of any such disposition of Property shall not cure any Event of

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 33 of 48

Default or reinstate any Obligations for purposes of Section 2924c of the *California Civil Code*. For purposes of this power of sale, either a sale of real property alone, or a sale of both real and personal property together in accordance with Uniform Commercial Code Section 9604, will sometimes be referred to as a *"Trustee's Sale"*;

(F) In accordance with Section 736 of the *California Code of Civil Procedure*, Beneficiary may bring an action for breach of contract against Trustor for breach of any *"environmental provision"* (as such term is defined in such Section) made by Trustor herein or in any other Loan Document for the recovery of damages and/or the enforcement of the environmental provision. In accordance with the California Code of Civil Procedure, Section 726.5, Beneficiary may waive the security under this Deed of Trust with respect to any parcel of the Property that is "environmentally impaired" or is an "affected property" (as such terms are defined in such Section), and as to any personal property which is attached to such parcel, and thereafter exercise against Trustor, to the extent permitted by such Section, the rights and remedies of an unsecured creditor, including reduction of Beneficiary's claim against Trustor to judgment, and any other rights and remedies permitted by law. In the event Beneficiary elects, in accordance with the California Code of Civil Procedure, Section 726.5, to waive all or part of the security under this Deed of Trust and proceed against Trustor on an unsecured basis, the valuation of the real property, the determination of the environmentally impaired status of such security and any cause of action for money judgment shall, at the request of Beneficiary, be referred to a referee in accordance with the California Code of Civil Procedure, Section 638 *et seq.* Such referee shall be an M.A.I. appraiser selected by Beneficiary and approved by Trustor, which approval shall not be unreasonably withheld or delayed. The decision of such referee shall be binding upon both Beneficiary and Trustor and judgment upon the award rendered by such referee shall be entered in the court in which such proceeding was commenced in accordance with the California Code of Civil Procedure, Sections 644 and 645. Trustor shall pay all costs and expenses incurred by Beneficiary in connection with any proceeding under the California Code of Civil Procedure, Section 726.5;

(G) Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given Beneficiary "control" over the Property or cause Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(H) Take such other actions or proceedings as Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the *Uniform Commercial Code* or under other applicable law.

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 34 of 48

**Due on Sale or Transfer.** Beneficiary may, at it option, declare immediately due and payable all sums secured by this Deed of Trust upon the Sale or Transfer, without Beneficiary's prior written consent, of all or any part of the Property, or any interest in the Property. A *"Sale or Transfer"* means the conveyance of the Property or any right, title or interest therein; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, option contract, or by sale, assignment or transfer of any beneficial interest in or to any land trust holding title to the Property, or by any other method of conveyance of a real property interest. If Trustor is a corporation, partnership or limited liability company, Sale or Transfer also includes any change in ownership of more that 20% of the voting stock, partnership interests or limited liability company interest, as the case may be, of Trustor. This option shall not be exercised by Beneficiary if such exercise is prohibited by applicable law.

**Power of Sale.** Trustor hereby grants to the Trustee, and its successor and assigns, for the benefit and security of the Beneficiary, a power of sale under *California Civil Code* Section 2924, and accordingly, the Beneficiary and the Trustee shall have all of the rights and powers granted by California law to the holder of a Deed of Trust containing a power of sale, including the right, to the extent permitted by California law, to foreclose, by exercising the power of sale, without first commencing a foreclosure action or obtaining a foreclosure decree, and to give such notices and to do all other acts as are permitted or required by California Civil Code Section 2924 to foreclose a Deed of Trust without judicial action.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances.

**4.3 Advances.** If the Trustor fails to pay or perform any of its obligations respecting the Property, Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property. Any amounts paid by Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

**4.4 Cumulative Rights and Remedies.** All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                                                    2022061322.1.0.4068-J20210329Y

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 35 of 48

manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other. The Trustor further agrees that Trustee and Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

**4.5 Trustor's Waiver of Certain Rights.** To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

**4.6 Transfer of Title.** Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

**4.7 Effect of Sale.** Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns. The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

**4.8 Reconveyance.** Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust. Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5. Miscellaneous

**5.1 Costs and Expenses.** To the extent permitted by applicable law, the Trustor shall pay to Trustee and Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and charges) incurred by the Trustee and Beneficiary in connection with Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 36 of 48

Obligations and secured by this Deed of Trust, and Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

**5.2 Limit on Interest.** If from any circumstances whatsoever, fulfillment of any provision of this Deed of Trust, any Note or any other Loan Document, at the time performance of such provision becomes due, would exceed the limit on interest then permitted by any applicable usury statute or any other applicable law, the Beneficiary may, at its option (a) reduce the Obligations to be fulfilled to such limit on interest, or (b) apply the amount in excess of such limit on interest to the reduction of the outstanding principal balance of the Obligations, and not to the payment of interest, with the same force and effect as though Trustor had specifically designated such sums to be so applied to principal and Beneficiary had agreed to accept such extra payments(s) as a premium-free prepayment, so that in no event shall any exaction be possible under this Deed of Trust or any other Loan Document that is in excess of the applicable limit on interest. It is the intention of Trustor and Beneficiary that the total liability for payments in the nature of interest shall not exceed the limits imposed by any applicable state or federal interest rate laws. The provisions of this Section shall control every other provision of this Deed of Trust, and any provision of any other Loan Document in conflict with this Section.

**5.3 Indemnification Regarding Leases.** The Trustor hereby agrees to defend, and does hereby indemnify and hold Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an *"Indemnitee"*) harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of Beneficiary to perform any obligations under the Leases. It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

**5.4 Indemnification Regarding Hazardous Substances.** The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property. The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to Beneficiary including repayment of all Obligations.

**5.5 Indemnitee's Expenses.** If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2022061322.1.0.4068-J20210329Y

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 37 of 48

in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by Beneficiary in favor of the Trustor.

**5.6 Waivers.** The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof. No delay or omission of Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as *"Beneficiary's Rights and Remedies"*) hereunder shall constitute a waiver thereof; and no waiver by Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand. No term or provision hereof shall be waived, altered or modified except with the prior written consent of Beneficiary, which consent makes explicit reference to this Deed of Trust. Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of Beneficiary's Rights and Remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of Beneficiary's Rights and Remedies under any such other agreement or transaction) but all Beneficiary's Rights and Remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by Beneficiary at such time or times and in such order of preference as Beneficiary in its sole discretion may determine.

**5.7 Waiver of Homestead.** To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws, including without limitation, *California Code of Civil Procedure* Sections 704-710 *et seq.*

**5.8 Joint and Several.** If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term *"Trustor"* shall include each as well as all of them.

**5.9 Severability.** If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

**5.10 Complete Agreement.** This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersede all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

**5.11 Binding Effect of Agreement.** This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid. Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of Beneficiary; and

Case: 24-41361   Doc# 34-1   Filed: 12/03/24   Entered: 12/03/24 17:04:29   Page 38 of 48

Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral. Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

**5.12 Notices.** Any notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer or agent of Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party.

**5.13 Governing Law.** This Deed of Trust shall be governed by the laws of the State of California.

**5.14 Reproductions.** This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to Beneficiary may be reproduced by Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

**5.15 Jurisdiction and Venue.** The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in California, over any suit, action or proceeding arising out of or relating to this Deed of Trust. The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

**5.16 JURY WAIVER.**

TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, TRUSTOR AND BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED. TRUSTOR CERTIFIES THAT NEITHER BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 39 of 48

**Signatures**

Executed as of June 13, 2022.

**Trustors**

_(signature)_ 6/13/2022

_____ _____
Lisa M. Templer                                     Date

Lisa M. Templer

_(signature)_ 6/13/2022

_____ _____
Lawrence Edward Templer Jr.                         Date

Lawrence Edward Templer Jr.

> A notary public or other officer completing this certificate verifies only the
> identity of the individual who signed the document to which this certificate
> is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Contra Costa_

On _June 13th 2021_, before me, _Lori Ogorchock_, Notary Public,
personally appeared Lisa M. Templer, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_(signature)_

_____
Notary Public

**LORI OGORCHOCK**
COMM. #2259622
Notary Public - California
Contra Costa County
My Comm. Expires Sep. 24, 2022
NRO1

_Lori Ogorchock_
_____
(Print Name)

My commission expires: _9·24·2022_

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

03/2021
Page 17 of 20

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of **Contra Costa**

On **June 13th 2022**, before me, **Lori Ogorchock**, Notary Public, personally appeared Lawrence Edward Templer Jr., who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Notary Public*

**Lori Ogorchock**
*(Print Name)*

My commission expires: **9.24.2022**

LORI OGORCHOCK
COMM. #2259622
Notary Public · California
Contra Costa County
My Comm. Expires Sep. 24, 2022
NRO1

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

03/2021
Page 18 of 20

## EXHIBIT "A"
### Property Description

See Legal Description attached hereto and made a part thereof

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

Case: 24-41361    Doc# 34-1    Filed: 12/03/24    Entered: 12/03/24 17:04:29    Page 42 of 48

# EXHIBIT "A"

## LEGAL DESCRIPTION

Order No.: 1620861
Escrow No.: 1620861

The land referred to herein is situated in the State of California, County of Contra Costa, City of Antioch and described as follows:

Lot 4, as shown on the Map of Tract 2755, filed March 3, 1960, Map Book 76 Page 40, Contra Costa County Records.

APN: 068-300-004

(End of Legal Description)

## EXHIBIT "B"

## Permitted Encumbrances

None

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022061322.1.0.4068-J20210329Y

03/2021
Page 20 of 20

# EXHIBIT 4



**Recording Requested By:**
Velocity Commercial Capital
30699 Russell Ranch Rd Suite 295
Ste 295
Westlake Village CA 91362
(818)532-3705

**When Recorded Mail To:**
Velocity Commercial Capital
30699 Russell Ranch Rd Suite 295
Ste 295
Westlake Village CA 91362
Loan #: **6723096822**

Electronically Recorded
CONTRA COSTA Co Recorder Office
DEBORAH COOPER, Clerk-Recorder
**DOC - 2022-0179527**
Thursday, Dec 1, 2022 09:06
SB2 Fee: $225.00
Total Paid: **$304.00**     Receipt #: 202200140819
9 - Ingeo                                    193 / JCPC / 5-1

## ASSIGNMENT OF Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, **Velocity Commercial Capital, LLC, a California Limited Liability Company** , **30699 Russell Ranch Rd Ste 295, Westlake Village, California 91362,** herein ("Assignor"), does hereby grant, assign, transfer and convey, without recourse unto
**U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2022-4,**
**191 South LaSalle Street, 7th Floor  Chicago, IL 60603,** assignee, the described deed of trust, with all interest, all liens, and any rights due or to become due thereon. Said Deed of Trust  is recorded in the State of **California**, County of **Contra Costa** Official Recordsand recorded **07/15/2022**, as Instrument No. **2022-0099472**

Executed by **Lisa M Templer** as Borrower(s).

Date: **11/29/2022.**

**Velocity Commercial Capital, LLC, a California Limited Liability Company**

By: _____

Name: **Travis Baum**
Title: **Post-Closing Manager**

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF **California**
COUNTY OF **Los Angeles** } s.s.

On **11/29/2022**, before me, **Jason Conchas Jara,** Notary Public, personally appeared **Travis Baum,** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Notary Public: **Jason Conchas Jara**
My Commission Expires: **04/25/2026**
Commission #: **2402016**

JASON CONCHAS JARA
Notary Public - California
Los Angeles County
Commission # 2402016
My Comm. Expires Apr 25, 2026

# EXHIBIT 5

# ALLONGE TO PROMISSORY NOTE

Allonge to $600,000.00 Promissory Note dated June 13, 2022, executed by Lisa M. Templer, as Borrower, in favor of Velocity Commercial Capital, LLC, a California Limited Liability Company, as Lender

PAY TO THE ORDER OF U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2022-4 WITHOUT RECOURSE

Dated  as of 12/13/2022

**Velocity Commercial Capital, LLC, a California Limited Liability Company**

By: _____

Name: Ryan Wise

Title: Director, Capital Markets

Loan Number: 6723096822