G. Warren Bleeker, Bar No. 210834
Warren.Bleeker@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203
Tel: 626.795.9900
Fax: 626.577.8800

T. Emiliano Aguirre (Admitted *Pro hac vice*)
Emiliano.Aguirre@wbc-us.com
WOMBLE BOND DICKINSON (US) LLP
201 E. Washington Street, Suite 1200
Phoenix, AZ 85004
Tel: 602.262.5311
Fax: 602.262.5747

*Attorneys for Secured Creditor Stephanie Masso*

# U.S. BANKRUPTCY COURT OF THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE TEMPLER,<br><br>Debtor, | Case No. 24-bk-41361<br><br>Chapter 13<br><br>**STIPULATION OF DEBTOR AND SECURED CREDITOR MASSO TO ALLOW DEBTOR TO SELL OR REFINANCE PROPERTY BY MARCH 31, 2025 OR FOR RELIEF FROM THE AUTOMATIC STAY** |

Secured Creditor, Stephanie Masso ("Creditor Masso"), by and through her counsel, G. Warren Bleeker and T. Emiliano Aguirre, of the law firm Womble Bond Dickinson (US) LLP[1], Lisa Marie Templer ("Debtor"), by and through her counsel, in the above-referenced case, James A. Shepherd and E. Vincent Wood, of the law firm Shepherd & Wood LLP, hereby stipulate and agree ("Stipulation") as follows:

1. Secured Creditor Masso is the holder of interest on that certain Promissory Note Secured by Deed of Trust dated March 1, 2023 ("Note") in the amount of $350,000, entered into between Lawrence Edward Templer, Jr. and Lisa M. Templer ("Borrowers").

---

[1] Lewis Roca Rothgerber Christie LLP has changed its name to Womble Bond Dickinson (US) LLP effective January 1, 2025. The new email address for the lawyers appearing in this case is set forth above. The firm address and phone number remain the same.

-1-

2. On November 7, 2024, Creditor Masso filed a Motion to Terminate the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) and (d)(4)(A) (Real Property: 2505 Devpar Court, Antioch, CA 94509, APN 068-300-004-6) and Waiver of the 14-Day Stay Under FRBP 4001(a)(3) (ECF No. 30), which this Court has taken under advisement.

3. Debtor desires to refinance or sell the Real Property located at 2505 Devpar Court, Antioch, CA 94509 (the "Property") and pay Creditor Masso's claim in full prior to March 31, 2025.

4. Debtor agrees to pay the default interest and attorneys' fees at the time of the sale or refinance instead of requiring interim payments from the Debtor through March 2025. Debtor reserves the right to challenge Creditor Masso's demand into escrow in any sale or refinancing transaction, on any ground.

5. The Parties agree that the monthly payments from Debtor to Creditor Masso will only consist of the payments in the amount of $3,815.67 per month due under the Note ("Monthly Payments"), without applying default interest through March 2025.

6. The Parties further agree that upon entry of an order by the Bankruptcy Court approving this Stipulation, the automatic stay pursuant to 11 U.S.C. § 362 shall be terminated on April 1, 2025, as to the Property and that Creditor Masso may proceed to enforce her state law rights and remedies against the Property, including, but not limited to, foreclosure of the Property, in the event that the Property is not refinanced or sold and Creditor Masso is not paid in full by March 31, 2025 ("Deadline"), provided that debtor reserves the right to seek court approval to extend the Deadline.

7. The Parties further agree that in the event the Debtor defaults on the Monthly Payments prior to the Deadline and fails to timely make the Monthly Payments, following the expiration of two (2) business days after creditor has transmitted a notice of default to debtor's counsel at jim@shepwoodlaw.com, then the automatic stay shall be terminated for Creditor Masso as to the Property the day after the Monthly Payment is due under the Note, and that Creditor Masso may proceed to enforce her state law rights and remedies against the Property, including, but not limited to, foreclosure of the Property.



8.  The Parties further agree that in the event first deed of trust holder U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1 obtains an order from the Bankruptcy Court terminating the automatic stay pursuant to 11 U.S.C. § 362 prior to the March 31, 2025 Deadline, then the automatic stay shall be terminated immediately on the same date for Creditor Masso as to the Property, and that Creditor Masso may proceed to enforce her state law rights and remedies against the Property, including, but not limited to, foreclosure of the Property.

9.  The Parties further agree to waive the 14-day stay of the order terminating the automatic stay under FRBP 4001(a)(3) in the event the stay is terminated at any time.

10. The Parties further stipulate and request that the Court order that the briefing requested from this Court during the continued hearing on Creditor Masso's Motion to Terminate the Automatic Stacy, to determine if cause exists to terminate the stay under 11 U.S.C. § 362, held on January 3, 2025, at 10:00 a.m., is now moot and no longer necessary in light of this Stipulation agreeing to the payment of post-petition default interest to Creditor Masso upon the sale or refinance of the Property, and the briefing on the issue of a commercial property in a chapter 13 case and Creditor Masso's entitlement to stay termination, including an analysis regarding the default interest rate and the issue of adequate protection, and whether on a commercial loan the Debtor in a Chapter 13 may modify the terms of the secured creditor's Promissory Note because it is not a residential property.

**IT IS SO STIPULATED.**

DATED this 14th day of January, 2025

_____
G. Warren Bleeker
T. Emiliano Aguirre
WOMBLE BOND DICKINSON (US) LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203
Tel:   626.795.9900
Fax:   626.577.8800
*Attorneys for Secured Creditor Stephanie Masso*

_____ 1/14/2025
James A. Shepherd
E. Vincent Wood
SHEPHERD & WOOD LLP
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Tel:   925.278.6680
Fax:   925.955.1655
*Attorneys for Debtor*

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 655 N. Central Ave., Suite 2300, Glendale, CA 91203.

On January 14, 2025, I caused to serve true copies of the following document(s) described as:

**STIPULATION TO ALLOW DEBTOR TO SELL OR REFINANCE PROPERTY BY MARCH 31, 2025 OR FOR RELIEF FROM THE AUTOMATIC STAY**

on the interested parties in this action as follows:

☒ BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

Ally Financial, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 14, 2025, at Laguna Niguel, California.

                                                *s/Linda Bolter*
                                                Linda Bolter



WOMBLE BOND DICKINSON
655 North Central Avenue, Suite 2300
Glendale, CA 91203