John P. Ward (SBN 274895)
jward@attleseyward.com
Carl C. Jones (SBN 340719)
cjones@attleseyward.com
ATTLESEY | WARD, LLP
111 Pacifica, Ste. 140
Irvine, California 92618
Tel. 714-508-4949
Fax. 714-508-0015

*Attorneys for U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1*

U.S. BANKRUPTCY COURT OF THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE TEMPLER,<br><br>    Debtor, | Case No.: 24-41361<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TERMINATE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 (REAL PROPERTY: 2505 DEVPAR COURT, ANTIOCH, CA 94509, APN 068-300-004-6) AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)**<br><br>Date: TBD<br>Time: 10:00 AM<br>Ctrm: 215 |

U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2021-1 ("U.S. Bank"), secured creditor in the above-captioned bankruptcy proceeding, by and through its counsel, ATTLESEY | WARD, LLP, hereby respectfully submits the following memorandum of points and authorities in support of its *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362*

(the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Motion comes at a procedurally unusual stage of the above-captioned bankruptcy proceedings, in which only U.S. Bank is subject to the automatic stay while junior lienholders are not, and while Debtor is out of title and possession of the property in which U.S. Bank has a security interest. Pursuant to a stipulation between Debtor and a junior lienholder, Debtor has consented to the termination of the automatic stay associated with these proceedings as to the junior, and the junior has foreclosed on the subject property and taken possession. Meanwhile, U.S. Bank, as the senior lienholder and as a non-party to the stipulation between Debtor and the junior, remains frozen in place, artificially restrained from enforcing its contractual and state law rights and remedies against a property in which Debtor has no remaining interest. Although the above-captioned bankruptcy proceedings remain active, there is no reason to further restrain U.S. Bank from enforcing its rights against the subject property—Debtor has surrendered the property and has no right, title, or interest in it. Therefore, the property should enjoy no special protections by virtue of Debtor's ongoing bankruptcy. It is on these grounds that U.S. Bank now brings this Motion.

### II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157(b)(2) and 1334, 11 U.S.C. section 1325, and LR 1001-3. Venue is proper in the District of Northern California pursuant to 28 U.S.C. sections 1408 and 1409. U.S. Bank consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for the judgment consistent with Article III of the United States Constitution.

### III. STATEMENT OF RELEVANT FACTS

1. U.S. Bank is the holder of interest on that certain Promissory Note Secured by Deed of Trust dated June 13, 2022 (the "Note"), in the amount of $600,000, entered into between Lisa M. Templer ("Debtor") and Velocity Commercial Capital, LLC, U.S. Bank's predecessor-in-interest ("Velocity"). Debtor executed the note to secure Velocity's interest, as creditor, in the principal loaned by Velocity to Debtor pursuant to that certain Loan Agreement dated June 13, 2022 (the "Loan Agreement"). (*See* ECF

No. 34-1, ¶¶ 3–4.)

2. The Note is secured by that certain Deed of Trust (the "Deed of Trust"), recorded by Velocity on June 15, 2022, against that certain real property located at 2505 Devpar Court, Antioch, California 94509, and further described as Lot 4, as shown on the Map of Tract 2755, in the City of Antioch, County of Contra Costa, State of California, Map Book 76, Page 40, Contra Costa County Records, APN 068-300-004-6 (the "Property"). (*Id.* at ¶ 5.) Section 2.3 of the Deed of Trust prohibits Debtor from placing further encumbrances upon the Property without the beneficiary's consent. (ECF No. 34-1, Ex. 3.)

3. By way of an Assignment of Deed of Trust, Security Agreement, Assignment of Leases, Rents, and Profits, and Fixture Filing dated November 29, 2022, Velocity assigned the Deed of Trust to U.S. Bank (the "Assignment"). On December 1, 2022, U.S. Bank caused the Assignment to be recorded in the Official Records of Contra Costa County, California as Document No. 2022-0179527. (*Id.* at ¶ 8.)

4. Pursuant to allonges, U.S. Bank is now the current holder of the Note. (*Id.* at ¶ 9.)

5. Despite the Deed of Trust's prohibition against Debtor permitting the creation of any additional mortgage, lien, or other encumbrance on the Property, Debtor executed a second deed of trust encumbering the Property with junior creditor Stephanie Masso ("Junior"). (*See* ECF No. 30.) In so doing, Debtor breached her covenant under the Deed of Trust to not permit the Property to become further encumbered without the consent of the Deed of Trust's beneficiary—U.S. Bank. This constitutes a nonmonetary default under the Deed of Trust. (*See* ECF No. 34-1, Ex. 3.)

6. On August 6, 2024, Junior caused to be recorded a Notice of Trustee's Sale, scheduling a Trustee's Sale on the Property for September 4, 2024, at 1:30 p.m., in connection with the unpaid balance on Debtor's separate note held by Junior.

7. Debtor filed her Voluntary Petition on September 4, 2024, initiating the above-captioned bankruptcy proceeding and staying the Trustee's Sale. (*See* ECF No. 1.)

8. On or about January 15, 2025, Junior and Debtor entered into that certain Stipulation of Debtor and Secured Creditor Masso to Allow Debtor to Sell or Refinance the Property by March 31, 2025, or for Relief from the Automatic Stay (the "Stipulation"). (*See* ECF No. 57.) Pursuant to the Stipulation's terms, in the event of Debtor's default on any monthly payments to Junior, and failure to timely cure, "the

automatic stay [in the above-captioned proceedings] shall be terminated for Creditor Masso as to the Property… and that Creditor Masso may proceed to enforce her state law rights and remedies against the Property, including, but not limited to, foreclosure of the Property. (*See ibid.*) U.S. Bank was not a party to the Stipulation.

9. On March 13, 2025, Junior filed a Notice of Intent to Proceed with Foreclosure Pursuant to Order Granting Stipulation, on the grounds that Debtor had defaulted on her March 1, 2025, monthly payment to Junior. (*See* ECF No. 79.) Pursuant to the terms of the Stipulation, the automatic stay in the above-captioned action immediately terminated as to Junior only.

10. On or about March 20, 2025, Debtor surrendered possession of the Property to Junior. (*See* Declaration of Carl C. Jones ("Jones Decl."), ¶ 5, Ex. A.)

11. On or about April 22, 2025, Debtor voluntarily converted the above-captioned proceedings from Chapter 13 to Chapter 7. (*See* ECF Nos. 82, 83.)

12. As of the date of this Motion, U.S. Bank remains bound by the automatic stay, and now seeks relief from the Court in order to pursue its state law and contractual remedies.

### IV. LEGAL ARGUMENT

**A. Debtor's Automatic Stay Should be Terminated under Section 362(d).**

***1. Sufficient Cause Exists Because Debtor has Failed to Adequately Protect the Property.***

Section 362(d)(1) allows creditors to obtain relief from any automatic stay if "cause" exists, including where a creditor lacks adequate protection of their interest. The rationale for this "adequate protection" approach is to preserve the "status quo" of a secured creditor's collateral, and to prevent a diminution in the collateral's value caused by a debtor's use of the property. (*See* 3 Collier on Bankruptcy, ¶ 361.03[5] (Alan N. Resnick & Hemy J. Sommer eds., 16th ed. 2010).)

Debtor has categorically failed to protect the Property, having lost title to and possession of the Property to Junior as of March 20, 2025. As a proximate result of Debtor's violation of the Deed of Trust's express prohibition against allowing a second lien to be placed upon the Property, Debtor has now lost the Property, which has fallen into the hands of just such a junior lienholder.

Here, Debtor forfeited the protections of the automatic stay as to the Property by entering into the Stipulation with Junior and defaulting under said Stipulation, such that title to and possession of the

U.S. BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO

Case: 24-41361   Doc# 86   Filed: 04/28/25   Entered: 04/28/25 14:46:24   Page 4 of 7

24-41361

Property has passed to Junior from Debtor. (*See* ECF No. 79; *also* Jones Decl., ¶ 5, Ex. A.) In so doing, Debtor has failed to preserve the "status quo" of U.S. Bank's collateral, disturbing U.S. Bank's security such that it lacks adequate protection in its collateral—the Property. This is constitutes adequate "cause" to authorize relief from the automatic stay. (*See* 11 U.S.C. § 362, subd. (d)(1).)

Meanwhile, U.S. Bank stands to be harmed if it alone remains frozen by the stay, because it is restrained from asserting its contractual and state law rights against the Property even while Junior—not similarly bound—enjoys full use of the Property. Given Debtor's failure to adequately protect the Property and her lack of any equity in the Property, U.S. Bank will suffer significant economic harm if the automatic stay is permitted to continue.

### 2. The Property No Longer Belongs to Debtor and is Therefore Undeserving of Protection Under the Automatic Stay.

The automatic stay is not intended to favor one lienholder over another, only to protect a debtor during the pendency of bankruptcy proceedings. "As a general rule, the automatic stay ... protects only the debtor, property of the debtor, or property of the estate. It does not protect non-debtor parties." (*Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994) [internal quotation marks and citation omitted].)

This Motion seeks relief from the automatic stay in order for U.S. Bank to pursue its contractual and state law rights and remedies against property which Debtor has allowed to pass into the possession of another. The Property is no longer "property of the debtor," nor is it property of the bankruptcy estate, having passed, pursuant to the Court-approved Stipulation, to Junior.

Junior is not a debtor in the present bankruptcy proceedings, and the automatic stay was not implemented to protect Junior. There is no rationale for leaving U.S. Bank restrained by the automatic stay in these bankruptcy proceedings when its sole security—the Property—is no longer part of these proceedings.

### B. Cause Exists to Waive the 14-Day Stay Under FRBP 4001(a)(3).

Should the Court conclude that stay relief is appropriate, U.S. Bank respectfully requests that the Court waive the 14-day stay of order pursuant to FRBP 4001(a)(3) to allow U.S. Bank to pursue its contractual and state law rights and remedies with respect to the Property without further order of the

U.S. BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO
24-41361

Case: 24-41361    Doc# 86    Filed: 04/28/25    Entered: 04/28/25 14:46:24    Page 5 of 7

1 | Court. Any delay to the effectiveness of the stay order would only be of further detriment to U.S. Bank.
2 | Debtor no longer owns, nor has possession of, the Property, having surrendered it to Junior on or about March 20, 2025, after defaulting on the Stipulation between Junior and herself. Under these circumstances, U.S. Bank should not suffer further delay.

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure governs the stay of orders and provides: "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a0(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

Here, U.S. Bank is requesting an order from the Court waiving the 14-day stay requirement set forth in Rule 4001(a) in order to allow U.S. Bank to proceed with the foreclosure sale. There is no reason for any further delay, which delay would only further prejudice U.S. Bank. Under the circumstances at bar, there exists no reason to enforce Rule 4001(a)'s 14-day stay provision. Waiver of the 14-day stay of the requested order terminating the automatic stay is warranted in this case.

### V. **CONCLUSION**

As set forth above: pursuant to the Stipulation, Debtor has piecemealed and bargained away portions of the automatic stay, transferring her ownership in the Property outside the protections of the automatic stay such that the automatic stay should no longer apply to the Property whatsoever. By allowing Junior to acquire a security interest in the Property—much less outright possession pursuant to the Stipulation—Debtor has failed to adequately protect the Property, which constitutes sufficient cause for U.S. Bank to obtain relief from the automatic stay here. Therefore, U.S. Bank respectfully asks the Court to terminate the automatic stay and, further, waive the fourteen-day stay under FRBP 4001(a)(3) in order to allow U.S. Bank to pursue its contractual and statutory rights and remedies.

Dated: April 28, 2025

ATTLESEY | WARD, LLP

_____
John P. Ward
Carl C. Jones
*Attorneys for Secured Creditor*

*Velocity Commercial Capital, LLC*

U.S. BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO

24-41361